DAVID L. BOLGER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     March 9, 1910. — March 23, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Husband and Wife. Damages,* In tort.

In this Commonwealth there is no difference between a husband and a wife as to
the right to recover for loss of consortium, and where a husband as administrator
of the estate of his wife has recovered damages in an action of tort against a
corporation operating a street railway for personal injuries sustained by his wife
while a passenger in a car of the defendant, in an action brought by him per-
sonally against the corporation for consequential damages arising from the same
injuries to his wife, he can recover only for the expenses to which he was put
in the care and attempted cure of his wife, and can recover nothing for loss of
consortium.

MORTON, J.     In *Nolin* v. *Pearson,* 191 Mass. 283, it was held
in accordance with the great weight of authority in this country
that the right of the wife to maintain an action to recover dam-
ages caused by the loss of her husband's consortium through
the wrongful act of a third party stood on an equal footing with
the right of the husband to maintain an action for the loss of the
wife's consortium, and that the common law which limited the
right to maintain such an action to the husband had been
abrogated as the result of various statutes which had been
enacted from time to time in regard to the rights of married
women.     In that case the wife was allowed to maintain an
action for loss of her husband's consortium arising out of the
alienation of his affection by the defendant and the procuring
and enticing him to leave her and absent himself from her
house.     From the nature of the action no recovery could have
been had by the husband, and unless an action could be main-
tained by the wife the defendant would have escaped all liability
for the wrong done.

The present action goes beyond the case of *Nolin* v. *Pearson,*
*supra,* and presents a different question.     The plaintiff seeks to
recover for the loss of his wife's consortium and for expenses
incurred by him as the result of injuries received by her while a
passenger in a car belonging to the defendant company, from
which she subsequently died.     He also seeks to recover in

another action as administrator of his wife's estate for the injury and conscious suffering ,sustained by her.   The two actions were tried together.   In the first there was a verdict for the plaintiff of $2,500, and in the second of $3,000.   Subsequently motions for new trials were filed in both cases.   The presiding judge * refused to disturb the verdict in the case by the administrator, but suggested, in view of the decision in *Feneff* v. *New York Central & Hudson River Railroad*, 203 Mass. 278, which had been reported since the trial, that the plaintiff was not entitled to recover in the first action for loss of consortium and that the verdict should be reduced to $750, which it was agreed was the expense to which the plaintiff had been put for the care and attempted cure of his wife.   Thereupon, at the suggestion of the defendant and with the consent of the plaintiff, the presiding judge reported that case to this court upon terms which present in effect the question whether the plaintiff is entitled to recover for loss of consortium, or whether his right to recover is limited to the expense incurred by him for medical care and attendance upon his wife.   If he has a right to recover for loss of consortium, then the verdict for $2,500 is to stand ; otherwise, it is to be reduced to $750.

We do not see why the case of *Feneff* v. *New York Central & Hudson River Railroad, supra,* is not decisive of this case.   No valid distinction can be drawn between the husband's right to recover for the loss of the wife's consortium, in cases growing out of the negligence of a third party, and the wife's right to recover for loss of the husband's consortium in like cases. Neither can it make any difference that in the case of the wife the loss of consortium is or may be the sole ground of recovery and in the case of the husband it is or may be one of several grounds of recovery.

The result is that in accordance with the report the verdict is to be reduced to $750.

*So ordered.*

The case was submitted on briefs.

*A. S. Apsey, D. H. Coakley & W. M. Hurd,* for the plaintiff.

*C. F. Choate, Jr., J. L. Hall & R. A. Stewart,* for the defendant.

---

* *Raymond,* J.