## BROWN *v.* KISTLEMAN ET AL.

[No. 21,981.   Filed May 28, 1912.]

1. HUSBAND AND WIFE.—*Negligent Injury to Husband.*—*Diminution of Earning Capacity.*—*Recovery by Wife.*—A wife has no cause of action against a third person for damages for negligent injuries to her husband, resulting in the diminution of his earning capacity and his consequent inability comfortably to support and maintain her, because the husband is entitled, in a proper action, to full compensation for such loss.   p. 693.

2. HUSBAND AND WIFE.—*Alienating Affections of Husband.*—*Recovery by Wife.*—A wife may recover damages for the alienation of her husband's affections.   p. 693.

3. HUSBAND AND WIFE.—*Negligent Injury to Husband.*—*Loss of Society.*—*Consortium.*—*Recovery by Wife.*—A wife has no cause of action against a third person for damages for loss of society or consortium resulting from a negligent injury to her husband.   p. 697.

From Randolph Circuit Court; *John W. Macy,* Judge.

Action by Ella Brown against Alva M. Kistleman and another.   From a judgment for defendants, the plaintiff appeals.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*J. W. Brissey,* for appellant.
*E. E. Stevenson,* for appellee.

MORRIS, J.—Appellant filed her complaint against appellees, for damages growing out of personal injuries to her husband, Albert Brown.   The lower court sustained a several demurrer, for want of facts, to each paragraph of complaint, and appellant declined to plead further, whereupon judgment was rendered for appellees.

The errors relied on here are predicated on the action of the circuit court in sustaining the several demurrer to each of the third, fourth and fifth paragraphs of complaint.

The third paragraph alleges that appellant's husband was in the employ of appellees, and, while so engaged, sustained

an injury which resulted in the entire loss of his eyesight, and by reason thereof his earning capacity has been destroyed, and appellant, as a consequence, has been deprived of support and maintenance, to her damage in the sum of $10,000. It is alleged that the husband's injury was proximately caused by the negligence of appellees, the particulars of which are set out in detail.

The fourth paragraph is similar to the third, with the addition that appellant therein alleges that by reason of the negligent injury to her husband she has been deprived of the companionship, comfort and society of her husband, for which she demands damages.

The fifth paragraph is similar to the third in regard to the allegations of her husband's injury, and bases the right to recover solely on appellant's loss of the companionship, comfort, society and protection of her husband.

1. A wife has no cause of action against a third person for damages for negligent injuries to her husband, resulting in the diminution of his earning capacity and his consequent ability comfortably to support and maintain her, because the husband is entitled, in a proper action, to full compensation for such loss. 21 Cyc. 1530.

May the wife recover from a third party for the loss of the society, companionship and affection—consortium—of her husband, caused by the negligence of such party?

2. Since the removal of most of the common-law disabilities of the wife, it has been held in Indiana, and in most other jurisdictions, that a wife may recover damages for the alienation of her husband's affections. *Haynes v. Nowlin* (1891), 129 Ind. 581, 584, 29 N. E. 389, 14 L. R. A. 787, 28 Am. St. 213; *Wolf v. Wolf* (1892), 130 Ind. 599; *Holmes v. Holmes* (1893), 133 Ind. 386, 32 N. E. 932; *Postlewaite v. Postlewaite* (1891), 1 Ind. App. 473, 28 N. E. 99; *Nolin v. Pearson* (1906), 191 Mass. 283, 77 N. E. 890, 4 L. R. A. (N. S.) 643, 114 Am. St. 605, 6 Ann. Cas. 658 and note on page 664.

In such cases no question of negligence is involved. The recovery is for an injury intentionally inflicted, and is not limited to compensation, but may be for punitive damages as well.

The question here involved rarely has been presented to courts of appeal, and, so far as we are able to discover, when presented, a recovery has been denied.

In *Goldman* v. *Cohen* (1900), 63 N. Y. Supp. 459, 30 Misc. Rep. 336, it was said: "The defendant demurs to the complaint, which seeks recovery by a wife for the loss she sustained as a wife by the injury to her husband from the negligence of the defendant in the management of a horse. Her loss is that which usually occurs to a wife from the illness of a husband, in the deprivation of support and consortium, and the need of her personal care for him during his sickness. No case is cited where the wife recovered upon such a claim, and the absence of precedent, where such demands might have been numerous, if sustained by the law, goes far to the belief that such negligence has never yet been embraced within the circle of causes of action recognized by law, beyond the right given to the injured one, and its survival to the consort and next of kin in the event of his death. It is true that this century just closing has seen, with our own state foremost in the advance, the adoption by unwritten and statutory law of juster and wider views of the wife's existence as a human being, by the emancipation of her person from 'the moderate chastisement' of the husband, and the protection of her rights of property; but her interest in the husband's life and companionship is not a right of property, or derived from a contract of bargain and sale. That interest lies in a region into which the law does not enter except when necessity compels. It does recognize invasion by wilful misconduct. It inflicts heavy damages upon the enticer or seducer. But this is for punishment and atonement rather than compensation. It comes within the range of concurrent and supplementary adjuncts to the crim-

inal law for the prevention and redress of wrongs. The fault or negligence rarely demands a greater remedy than mere compensation. The right of action is remedial, not punitive. It reaches not out to those indirectly suffering by impairment of domestic relations, giving to dependent wife or child pecuniary equivalent. So far as the law can, it neutralizes such indirect losses by compensation to the husband and father, thus giving him the means of supplying the loss in earning power and expenses of sickness, and so avoids double or triple recoveries for the same elements of compensatory damages by different persons against him whose fault only gives ground for one restitution. The breach of a contract obligation directly affects the power of the husband to give solace and comfort to the wife, but she may not have a personal right of action except where the law does allow her to be the moving cause to invoke the courts to punish destruction of marital rights. Judgment for defendant, on demurrer, with costs."

In 21 Cyc 1530, it is said: "For an injury done to the husband the wife cannot join with him in an action for damages; and no action accrues to the wife for the loss sustained by her, such as the loss of his wages; nor can she recover for nursing him, when injured by a third person's negligence."

In the recent case of *Feneff* v. *New York, etc., R. Co.* (1909), 203 Mass. 278, 89 N. E. 436, 24 L. R. A. (N. S.) 1024, 133 Am. St. 291, the question here under consideration was directly involved, and the right of recovery was denied. In the course of the opinion it is said: "The right to the consortium of the other spouse seems to belong to husband and wife alike, and to rest upon the same reasons in favor of each. Since the removal of the wife's disability to sue, this is now settled in most courts by a great weight of authority. *Nolin* v. *Pearson* [1906], 191 Mass. 283 [77 N. E. 890, 4 L. R. A. (N. S.) 643, 114 Am. St. 605, 6 Ann. Cas. 658], and cases cited. It is now generally held, in accordance with

the decision in *Nolin* v. *Pearson,* that, for a direct and intentional invasion of a wife's right of consortium by another woman, through the alienation of the husband's affections and criminal conversation with him, an action may be maintained, as a similar action may be maintained by a husband for a similar wrong inflicted through adultery with his wife. * * * The wrong which may be redressed through such suits is one which has a direct tendency to deprive the husband or wife of the consortium of the other spouse. No case has been brought to our attention, and after an extended examination we have found none, in which an action for a loss of consortium alone has been maintained merely because of an injury to the person of the other spouse, for which the other has recovered, or is entitled to recover, full compensation in his own name, when the only effect upon the plaintiff's right of consortium is that, through the physical or mental disability of the other, the companionship is less satisfactory and valuable than before the injury. The actions by husbands at common law for expenses and loss of services, in which the loss of consortium has been considered in estimating damages, were all in cases in which no damages could be awarded for loss of the ability to earn money and render services and be helpful to others, in an action by the husband and wife for the wife's personal damages, because at common law all these elements of damage belonged to the husband. * * * There was not an allowance to the wife for her loss of ability to earn wages and render services, and at the same time an allowance to the husband, in the form of compensation for the loss of consortium for the same diminution of ability to be helpful. Where there is no intentional wrong, the ordinary rule of damages goes no further in this respect than to allow pecuniary compensation for the impairment or injury directly done. When the injury is to the person of another, the impairment of ability to work and be helpful and render services of any kind is

paid for in full to the person injured. Ordinarily the relation between him and others, whereby they will be detrimentally affected by the impairment of his physical or mental ability, makes the damage to them only remote and consequential, and not a ground of recovery against the wrongdoer. * * * It is enough for the present case that persons whose relations to the injured party are purely domestic should not be permitted to share the compensation to which he is entitled for the impairment of his powers by the tort of another person, nor to receive an additional sum beyond the full compensation to which the injured person is entitled. Their damages are too remote to be made the subject of an action. The minor children of an injured father, who is legally bound to furnish them with support, may suffer indirectly from his injury. So too may his wife, to whom he owes the same legal duty to furnish support; yet it was never held that a wife or minor child could recover for the consequences of a father's disability, against one who has negligently injured him. The diminished value of the husband's consortium with his wife, in such a case, is like the diminished value of the work that the husband can do for the support of his wife and the education and support of his minor children. The negligent defendant is supposed to have made full pecuniary compensation to the husband and father for his injury. In the benefit from this payment the wife and children may be expected to share to some extent. If they still suffer loss, it is not direct, but only consequential."

We are of the opinion that the reasoning in *Feneff* v. *New York, etc., R. Co., supra,* is sound, and that a wife is not entitled to recover, for loss of consortium, in such 3. an action as this; and as it is settled she may not recover for loss of support consequent on the diminution of her husband's earning capacity, it follows that the

court did not err in sustaining the demurrer to the several paragraphs of complaint in controversy here.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 631 and annotated in 40 L. R. A. (N. S.) 236. See, also, under (2) 21 Cyc. 1618; (3) 21 Cyc. 1530. As to whether one may or may not recover for injuries happening to a relative through the wrong or negligence of another, see 48 Am. Dec. 619. As to the right of a wife, in the absence of a statute, to maintain an action for an injury to or the loss of consortium, see Ann. Cas. 1913A 989.