BODEN *v.* DEL-MAR GARAGE, INCORPORATED.

[No. 26,063. Filed May 19, 1933.]

*Alvah J. Rucker, Oren S. Hack, James A. Collins,* and *B. Howard Caughran,* for appellant.

*Charles E. Henderson* and *Laurens L. Henderson,* for appellee.

HUGHES, J.—This is an action for damages by the appellant against the appellee predicated upon the fact that the servant of appellee, while acting within the scope of his authority for and on behalf of the appellee, did "wilfully, maliciously, purposely, and intentionally with intent wilfully and purposely to inflict injuries" upon Lincoln G. Boden, husband of appellant, and upon appellant. It appears from the allegation of the complaint that on or about January 25, 1929, the appellee ran and operated a garage at the corner of East Market and North Delaware Streets in the city of Indianapolis for hire and did then and there store the automobiles of the owners and users thereof and for such purposes invited the public in its building for such purpose; that on said day Lincoln G. Boden, husband of appellant, stored his automobile in said garage; that on the same day the said Lincoln G. Boden and the appellant returned to the garage after his automobile; that while in said garage a servant of the appellee ran an automobile against the said Lincoln G. Boden thereby striking and knocking him down on the floor of said garage and seriously injuring him; that by reason of said injuries the said Lincoln G. Boden suffered great and permanent pain, permanent headaches, permanent nervous shock and loss of memory; that he has lost his earning capacity, the use of his body and his mental and physical energy and health; that by reason of said injuries, the said Lincoln G. Boden has been, and is, and will permanently continue to be absent minded and delinquent in his conjugal duties toward the plaintiff and that she, the appellant, has lost the consort, companionship, society, affection and support of her hus-

band. The appellant further alleges in her complaint that she was personally present in the garage at the time her husband was injured and saw her husband on the floor where he had been knocked down and saw him bleeding and heard the screams of many people; that the appellant was terror stricken and frightened and thereby received great and permanent mental suffering and nervous shock to herself; that by reason of the foregoing statements the appellant has lost the consort, society, companionship and support of her husband and her own nervous system has been greatly injured and she asks for exemplary and punitive damages against the defendant in the sum of $10,000.

The appellee filed a demurrer to the complaint which was sustained and judgment rendered for appellee for failure of appellant to plead further.

The assignment of error is: "The court erred in sustaining the demurrer to the complaint."

It is the theory of the complaint that the plaintiff under the facts averred in her complaint that she is entitled to recover damages from the appellant on the ground that by the wilful and malicious tort of the appellee, as alleged, in injuring her husband for the reason that she has thereby lost the consort, society, affection, and support of her husband and that she was personally injured by nervous shock received by her as an eye witness to the injury of her husband.

In its original application the term consort, or consortium was used to designate a right which the law recognized in a husband, growing out of the marital union, to have performance by the wife of all duties and obligations in respect to him which she took on herself when she entered into it, and as thus employed it includes the right of society, companionship, conjugal affection, and services. The right of consortium was not limited to the right of society, companionship and

conjugal affection. The right of service was always the predominant factor and the language of the early cases shows that the loss of service as well as society and affections were included in the legal meaning of the loss of consortium." *Marri* v. *Stamford Street R. Co.* (1910), 84 Conn. 9, 78 Atl. 582, 33 L. R. A. (N. S.) 1042, Ann. Cas. 1912B, 1120.

May a wife in this state recover damages upon a statement of facts as alleged in the complaint before us? Counsel for appellant assert with confidence, in a very able and exhaustive brief, that this can be done and cites many cases to uphold their contention. Upon a careful examination of these cases we feel that they are mistaken.

In our own state the cases of *Postlewaite* v. *Postlewaite* (1891), 1 Ind. App. 473, 28 N. E. 99, 100; *Haynes* v. *Nowlin* (1891), 129 Ind. 581, 29 N. E. 389, 14 L. R. A. 787, 28 Am. St. Rep. 213; *Holmes* v. *Holmes* (1892), 133 Ind. 386, 32 N. E. 932; and *Brown* v. *Kistleman* (1912), 177 Ind. 692, 98 N. E. 631, 40 L. R. A. (N. S.) 236, are cited.

The case of *Postlewaite* v. *Postlewaite, supra,* was an action for alienation of affections of appellant's husband and the court held that such an action could be maintained and it is now the general rule that such actions can be maintained. This is so because of the statute in our state, and for the same reason in other states, which gives the wife the right to maintain an action in her name. The married woman had the right of action at common law, but without the power of asserting such right. *Lynch* v. *Knight* (1861), 9 H. L. C. 577.

The court in the case of *Postlewaite* v. *Postlewaite, supra,* said, "The reasoning of the modern cases is that the husband always had a right to sue for loss of his wife's consortium and that no good reason can be shown why the same right did not inhere in the wife for the

loss of consortium of the husband; that in principle there is no distinction between the two cases; that the only obstacle in the way of her enforcement of this right was, as we have seen, the legal unity of herself and husband and the absence of enabling statutes, for if she had been permitted to maintain any sort of an action at law it would have amounted to a recognition of her separate legal existence." We agree with this statement of the law, but we must bear in mind the nature of the action, which was one for the alienation of affections. This right of action is now generally recognized, and all the cases cited in this case were cases of this character.

The case of *Haynes* v. *Nowlin, supra,* is also one for the alienation of affections, and the court followed the law as laid down in the case of *Postlewaite* v. *Postlewaite, supra.* The court said in the *Haynes* v. *Nowlin* case that: "It was never asserted by the better-considered cases nor by the able text-writers that she did not herself possess the substantive right upon which the cause of action was founded. The reason she could not maintain such an action was not that she was not the source of the substantive right, but that there was no remedy available to her for the vindication of the right. When the statute supplied the remedy by breaking down the barrier which stood between her and a recovery, or it clothed her with full right to enforce her just and meritorious cause of action." The case of *Holmes* v. *Holmes, supra,* is also a case for alienation of affections and the sole question considered was, "can a married woman maintain an action in her own name for alienating the affections of her husband?" It was properly held that she could.

The other Indiana case cited by the appellant is that of *Brown* v. *Kistleman et al., supra.* This was an action by the appellant against the appellee for damages

growing out of personal injuries to her husband, Albert Brown. In the third paragraph of her complaint she alleged that her husband was in the employ of appellees, and, while so engaged, sustained an injury to his eye and that by reason thereof his earning capacity has been destroyed, and appellant, as a consequence, has been deprived of support and maintenance. The fourth paragraph alleged that by reason of the injury to her husband, she has been deprived of the companionship, comfort and society of her husband. The fifth paragraph bases the right of recovery solely on appellant's loss of the companionship, comfort, society, and protection of her husband. The court said in this case: "A wife has no cause of action against a third person for damages for negligent injuries to her husband, resulting in the diminution of his earning capacity, and his consequent ability comfortably to support and maintain her, because the husband is entitled, in a proper action, to full compensation for such loss. . . . Since the removal of most of the common law disabilities of the wife, it has been held in Indiana and in most other jurisdictions, that a wife may recover damages for the alienation of her husband's affections. . . . In such cases no question of negligence is involved. The recovery is for an injury intentionally inflicted, and is not limited to compensation, but may be for punitive damages as well." The instant case is practically the same as the foregoing case, except in the present case the appellant alleges and asks for damages to herself by reason of nervous shock, and also alleges that the negligence of appellee was wilful and malicious.

In *Brown* v. *Kistleman et al., supra,* the lower court sustained a demurrer to the complaint and the case was affirmed by the Supreme Court. In reaching a conclusion in the case the court cited and quoted from *Goldman* v. *Cohen* (1900), 30 Misc. Rep. 336, 63 N. Y. S.

459, and also from *Feneff* v. *New York R. Co.* (1909), 203 Mass. 278, 89 N. E. 436, 24 L. R. A. (N. S.) 1024, 133 Am. St. Rep. 291; and *Nolin* v. *Pearson* (1906), 191 Mass. 283, 77 N. E. 890, 4 L. R. A. (N. S.) 643, 114 Am. St. Rep. 605, 6 Ann. Cas. 658, all three leading cases on the question involved. In the *Goldman* v. *Cohen* case the wife brought suit for damages for the loss she sustained as a wife by the injury to her husband from the negligence of the defendant in the management of a horse. The court in this case said: "Her loss is that which usually occurs to a wife from the illness of a husband, in the deprivation of support and consortium, and the need of her personal care for him during his sickness. No case is cited where the wife recovered upon such a claim, and in the absence of precedent, where such demands might have been numerous, if sustained by the law, goes far to the belief that such negligence has never yet been embraced within the circle of causes of action recognized by law, beyond the right given to the injured one, and its survival to the consort, and next of friend in the event of death. . . . Her interest in the husband's life and companionship is not a right of property, or derived from a contract of bargain and sale. That interest lies in a region into which the law does not enter except when necessity compels. It does recognize invasion by wilful conduct. It inflicts heavy damages upon the enticer, or seducer. But this is for punishment and atonement rather than compensation. The fault or negligence rarely demands a greater remedy than mere compensation. The right of action is remedial, not punitive. It reaches out to those indirectly suffering by impairment of domestic relations, giving to dependent wife, or child, pecuniary equivalent. So far as the law can, it neutralizes such indirect losses by compensation to the husband and father, thus giving him

the means of supplying the loss in earning power and expense of sickness, and so avoid double or triple recoveries for the same elements of compensatory damages by different persons against him whose fault only gives ground for one restitution. The breach of a contract obligation directly affects the power of the husband to give solace and comfort to the wife, but she may not have a personal right of action except where the law does allow her to be the moving cause to invoke the courts to punish destruction of marital rights."

In the case of *Feneff* v. *New York R. Co., supra,* the court said: "It is now generally held, that for a direct and intentional invasion of a wife's right of consortium by another woman, through the alienation of the husband's affections and criminal conversation with him, an action may be maintained as a similar action may be maintained by a husband for a similar wrong inflicted through adultery with his wife. . . . The wrong which may be redressed through such suits is one which has a direct tendency to deprive the husband or wife of the consortium of the other spouse. No case has been brought to our attention, and after an extended examination we have found none, in which an action for a loss of consortium alone has been maintained merely because of an injury to the person of the other spouse, for which the other has recovered, or is entitled to recover, full compensation in his own name, when the only effect upon the plaintiff's right of consortium is that, through the physical or mental disability of the other, the companionship is less satisfactory and valuable than before the injury. . . . While there is no intentional wrong, the ordinary rule of damages goes no further in this respect than to allow pecuniary compensation for the impairment or injury directly done. When the injury is to the person of another, the impairment of ability to work and be helpful and render

services of any kind is paid for in full to the person injured. Ordinarily the relation between him and others, whereby they will be detrimentally affected by the impairment of his physical or mental ability, makes the damage to them only remote and consequential, and not a ground of recovery against the wrongdoer. . . . The diminished value of the husband's consortium with his wife, in such a case, is like the diminished value of the work that the husband can do for the support of his wife and the education and support of his minor children. The negligent defendant is supposed to have made full pecuniary compensation to the husband and father for his injury. In the benefit from this payment the wife and children may be expected to share to some extent. If they still suffer loss, it is not direct, but only consequential." The court, in the case of *Brown* v. *Kistleman, supra,* in concluding, said: "We are of the opinion that the reasoning in *Feneff* v. *New York R. Co.* is sound, and that a wife is not entitled to recover for loss of consortium in such an action as this; and, as it is settled she may not recover for loss of support consequent to the diminution of her husband's earning capacity, it follows that the court did not err in sustaining the demurrer to the . . . complaint." It has also been held in this state and other states that mental suffering and nervous shock can not be the basis of an action for damages where there is no physical injury. *Kalen* v. *T. H. I. R. Co.* (1897), 18 Ind. App. 202, 47 N. E. 694, 63 Am. St. Rep. 343; *Cleveland C. C. & St. L.* v. *Stewart* (1900), 24 Ind. App. 374, 56 N. E. 917; *Kagy* v. *Western Union Co.* (1906), 37 Ind. App. 73, 76 N. E. 792; *Braun* v. *Craven* (1898), 175 Ill. 401, 51 N. E. 657, 42 L. R. A. 199.

It is contended by appellant that, as the wife has the right to sue for the loss of consortium in actions for alienation of affections, she would likewise have the

right to sue for damages in the instant case. There is, however, a fundamental difference between the two actions. In the case of a personal injury to the husband, he is entitled to recover damages for all injuries done him, and, in legal contemplation, the recovery is supposed to make him whole, and to enable him to support his wife and children and to discharge all of his marital and parental duties due them, in the same degree that the law imposed those duties upon him previous to the injury, leaving no right of theirs, if any, violated, which has not been fully compensated. In an action for alienation of affections by the wife, it is based on the injury done to her, and not to the husband. In the instant case the appellant is predicating her cause of action on facts growing out of the injuries to the husband.

The appellant lays stress upon the Married Women's Act as giving her authority to maintain this action. We take it that she refers to section 262, Burns 1926, which provides that "A married woman may sue alone—first, When the action concerns her separate property," and section 8751, Burns 1926, which provides: "A married woman may bring and maintain an action in her own name against any person or body corporate for damages for any injury to her person or character the same as if she were sole; and the money recovered shall be her separate property, and her husband, in such case, shall not be liable for costs."

The same contention has been presented in other jurisdictions where the Married Women's Act is practically the same as in this state and the right of recovery has been denied.

If the appellant can maintain this action under the foregoing sections, or under any of the sections relating to what is generally known as the Married Women's Act, then what is there to prevent her from recovering

in the event her husband died from the injuries received under §292, Burns 1926? This would be allowing her double compensation for the same right of action, and this the law will not permit. But it may be contended by appellant that it has been held in this state, *Indianapolis, etc., Transit Co.* v. *Reeder* (1908), 42 Ind. App. 520, 85 N. E. 1042, that the husband has a right of action for the death of his wife caused by the negligence of a third party for damages resulting from his loss of her services and society, and the medical expenses paid in caring for her, independent of section 292, Burns 1926, giving a right of action for the death of a person to the personal representatives. "Such right of action by the husband does not abate by the death of the wife. . . . The rule is that in actions of this character, the husband may recover for the loss or impairment of his right to the conjugal society and assistance of his wife, and ordinarily where the word 'services' is used it signifies wifely services, such as are due from her, and includes the idea of her society." *Indianapolis, etc., Transit Co.* v. *Reeder, supra.*

Upon an exhaustive examination of cases in many jurisdictions we find that wherever the husband has brought an action for damages on account of injuries to his wife by the negligence of a third party to recover for loss of service, companionship and society of his wife the gist of the action, and the real basis of recovery, is for the loss of service, and not the loss of consortium. We have been unable to find any case in this state which holds that the husband may maintain an action growing out of an injury for the loss of consortium alone and unconnected with the loss of service; neither have we found any case where the wife may maintain such an action where it grew out of an injury caused by negligence to the husband.

In the case of *Smith* v. *Nicholas Building Co.* (1915),

93 Ohio St. 101, 112 N. E. 204, L. R. A. 1916 E 700, Ann. Cas. 1918D 206, the plaintiff alleged that by reason of injuries to her husband by a third party he became nervous, irritable, morose, fretful, excitable, and ill-tempered, so that she is deprived of his society, companionship, conjugal affection, fellowship and assistance. The court said: "She is complaining of an invasion of those rights which are associated with what has been designated the sentimental side of the marital relation and wholly unrelated to services. In none of the cases to which our attention has been called has it been held that the right for which plaintiff is contending here existed in the husband unaccompanied by a claim for a loss of service. There is no reason, then, why the wife should be permitted to maintain an action where the same right does not exist in the husband. There is no statute conferring such right."

The appellant seeks to recover for three causes: First, for the loss of consortium which includes society and companionship; second, for loss of support, and, third, on account of shock to her nervous system.

We find no authority in law which gives her a right to recover for the loss of consortium alone, and it is expressly held in this state that she can not recover. *Brown* v. *Kistleman, supra.* And the cause of action which the husband has against one who has negligently injured him is presumed to fully compensate him for all losses sustained, and this includes the loss of support for his wife and family. And the appellant can not recover for a nervous shock where there is no physical injury to her.

The appellant contends, by reason of the fact that her complaint is based upon a wilful and intentional tort, she is entitled to recover, and cites cases to support her contention. The cases cited, however, are practically all based upon actions for alienation of affections

and are not in point on the question involved. In this class of cases the act of interfering with the marital relation is wilful and malicious and its natural and probable result is to accomplish the injury complained of and it is not necessary that there should be any pecuniary loss. *Smith v. Nicholas Co., supra.*

In the case of *Nieberg* v. *Cohen* (1914), 88 Vt. 281, 92 Atl. 214, L. R. A. 1915C 483, Ann. Cas. 1916C 476, the facts show that the loss sustained by the wife by reason of the injury to the husband resulted from an intentional and malicious act. The court said: "But the malicious purpose and act of the defendants were directed against the husband, and not against the wife." In all alienation actions, the wilful and malicious purpose and intent is directed against the wife and for this reason she may recover in that class of cases.

The case of *Hinnant* v. *Tidewater Power Co.* (1925), 189 N. C. 120, 126 S. E. 307, 37 A. L. R. 889, in many respects is similar to the instant case. The husband received severe personal injuries from which death ensued. His personal representatives recovered judgment for damages and then the wife brought an action for damages, and alleged that by the injuries and death of her husband she "was caused to suffer great and serious nervous shock, seriously and permanently impairing and weakening her nervous system, causing her to suffer great pain and mental anguish over the loss of a devoted and true husband, and seeing him broken, mashed, and bruised and suffering and causing the plaintiff to have to devote her entire time in nursing, caring for, supporting, looking after, and administering to her three children and causing her to have to maintain herself and family, as W. T. Hinnant [her husband] had no personal estate, and depriving the plaintiff of her husband's support and maintenance of herself and family, and of his society, love and affection,

counsel and advice . . . to her great damage." In this case the court cites many of the cases cited in this opinion and quotes at length from the case of *Marri* v. *Stamford St. R. Co., supra.* The court said: "That the cases in which recovery by the husband for the loss of consortium resulting from personal injury to the wife has been approved disclose that the loss of service and of the capacity for service, resulting from diminished or destroyed ability to serve in useful ways, has been the real basis of recovery and that the contention that a husband could recover merely because conjugal affection, society, or companionship had been rendered less agreeable or satisfactory to him by reason of injury to his wife should not be sustained. . . . After diligent research, we have failed to find a single decision . . . which approves the wife's right to recover damages for the loss of consortium under the circumstances appearing in the instant case, and to sanction such right of recovery would be tantamount to the recognition of a doctrine utterly at variance with the most enlightened judicial opinion prevailing in other jurisdictions."

Without extending this opinion further it may be said, by the great weight of authority, that a wife has no right of action against a person for the loss of consortium of her husband caused by personal injuries sustained by him through the negligence of such person, and even though such injury was inflicted wilfully and maliciously. *Nieberg* v. *Cohen, supra; Marri* v. *Stamford St. R. Co., supra; Feneff* v. *New York R. R. Co., supra; Emerson* v. *Taylor* (1918), 133 Md. 192, 104 Atl. 538, 5 A. L. R. 1045; *Bolger* v. *Boston Ry. Co.* (1910), 205 Mass. 420, 91 N. E. 389; *Smith* v. *Nicholas Building Co., supra; Bernhardt* v. *Perry* (1919), 276 Mo. 612, 208 S. W. 462, 13 A. L. R. 1320, 13 R. C. L. 1443; *Brown* v. *Kistleman, supra; Hinnant* v. *Tidewater Co., supra.*

There has been no violation of any constitutional provision of the Constitution of Indiana or of the United States Constitution by the sustaining of the demurrer to the complaint by the lower court.

Judgment affirmed.