BURK *v.* ANDERSON, GERARDOT, D/B/A. ETC.

[No. 28,944. Filed December 22, 1952. Rehearing denied April 21, 1953.]

78

*Raleigh C. Parrish* and *Robert J. Parrish,* both of Fort Wayne, for appellant.

*Ira D. Snouffer* (deceased) and *James P. Murphy,* both of Fort Wayne, for appellees.

GILKISON, J.—By her complaint in two paragraphs appellant sued appellees, charging them with selling

intoxicating liquor to her husband in violation of §12-615 Burns' 1942 Replacement,[1] causing his death, and thereby depriving her of his society, support and maintenance. A demurrer to this complaint was sustained. Appellant declined to plead further, and judgment was rendered that she take nothing and that she pay the costs. From this judgment the appeal is taken.

The complaint by proper statements avers that plaintiff is the widow of Russell Burk, deceased, who was 62 years of age at his death. That at the time of his death he was capable of earning $45 per week. That the appellees owned and operated a tavern in New Haven, Indiana on March 16, 1951, at which they sold intoxicating liquor at retail. That her husband went to this tavern on said date after he had completed his day's work and there appellees carelessly, negligently and unlawfully sold, bartered and gave him large quantities of intoxicating liquors when he was intoxicated as appellees well knew, and which he drank on their premises, from which he became completely intoxicated. That while he was in a state of complete intoxication her husband got into his automobile to drive to his home at Shirley, Indiana. That while so traveling he drove upon the berm of the road and his automobile mired down. That he then got out of the automobile and because of being so intoxicated he fell into the ditch at the road-side and was drowned. That thereby appellant was deprived of the support, society

---

1. Sec. 12-615 Burns' 1942 Replacement provides as follows: "Whoever shall sell, barter, deliver or give away any alcoholic beverage to any person at the time in a state of intoxication, knowing such person to be in a state of intoxication, shall, on conviction, be fined in any sum not less than ten dollars [$10.00] nor more than one hundred dollars [$100], to which may be added imprisonment for not more than sixty [60] days, and upon conviction of any second or subsequent such offense, such person shall be fined in any sum not less than twenty-five dollars [$25.00] nor more than two hundred dollars [$200], to which may be added imprisonment for not more than six [6] months."

and maintenance of her husband, to her damage in the sum of $15,000, for which she prays judgment.

The second paragraph is similar to the first, except it is charged that the sales and gifts of intoxicating liquor were wilfully, intentionally, unlawfully and knowingly made to plaintiff's husband when he was in a state of intoxication, and were the proximate cause of his drowning; and thereby appellant was deprived permanently of his support, society and maintenance to her damage in the sum of $15,000 for which she prayed judgment.

The demurrer is for two causes:

(1) That the complaint does not state facts sufficient to constitute a cause of action, and

(2) The plaintiff has no legal capacity to sue.

By her complaint and in argument appellant expressly waives any claim under the wrongful death statute. Sec. 2-404 Burns' 1946 Replacement Supplement.

The sole question presented by the appeal is: When a husband is killed as a result of the negligent, purposeful, wilful and intentional supplying him with intoxicating liquor to drink when he is already intoxicated, may the widow maintain an action in her own right against the tort-feasor, to collect the damages she has thereby sustained, in loss of support, society and maintenance?

Our court is agreed that when a wife is tortiously injured by another either negligently or designedly, the husband has an independent right of action against the tortfeasor, for his loss of the services, society, companionship and all that is contained in the word "consortium" of the wife, resulting from such injury. It is the belief of the writer of this opinion that when a husband is tortiously injured by

another either negligently or designedly the wife, under our enabling statutes, has an independent right of action against the tortfeasor, for her loss of support, society and maintenance of the husband, resulting from such injuries. It is my thought that the consortium rights of one spouse are coextensive with the consortium rights of the other. Notwithstanding the weight of authority to the contrary, I think this should be the law. *Radke* v. *Schlundt* (1902), 30 Ind. App. 213, 65 N. E. 770. *Hipp* v. *E. I. Dupont de Nemours & Co.;* 182 N. C. 9, 108 S. E. 318. However, a majority does not agree with this idea.

In the case at bar it will be noted that the same wrongful act which caused the alleged loss of support, society and maintenance of the husband, caused his immediate death. So far as we can find where a right of action is given to collect for the loss of services, support, maintenance, society, companionship, association, etc. usually considered as contained in the word consortium, the period during which recovery may be had for such loss is limited to the time between the date of the commission of the injury and the date of the death of the injured spouse. *Long* v. *Morrison* (1860), 14 Ind. 595, 597. *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 157, 178 N. E. 440. *Louisville Etc. R. R. Co.* v. *McElwain* (1896), 98 Ky. 700, 34 S. W. 236, 34 L. R. A. 788, 56 Am. St. Rep. 385. *Fowlie* v. *First Minneapolis Trust Company,* 184 Minn. 82, 237 N. W. 846, 78 A. L. R. 589. See Annotation 19 L. R. A. (N. S.) 636. 27 Am. Jur. *Husband and Wife* §510, p.p. 109, 110. 41 C. J. S. *Husband and Wife,* §401 (5) p. 899.

The right to recover for the continuing losses complained of cannot extend beyond the life of the injured spouse.

Since the death of appellant's husband occurred within a few hours after the commission of the alleged tort, no loss of support, maintenance and society could have resulted to her during that period.

Therefore, no error resulted from sustaining the demurrer to each paragraph of the complaint.

The judgment of the Allen Superior Court No. 2 is affirmed.

Bobbitt, J., concurs in result.

NOTE.—Reported in 109 N. E. 2d 407.