## MILLER *v.* SPARKS ET AL.

[No. 19,697. Filed April 24, 1963. Rehearing denied May 17, 1963. Transfer denied May 14, 1964.]

*Robert L. Schnatter*, of Jeffersonville, for appellant.

*Charles C. Fox*, and *Fox & Fox*, of Jeffersonville, for appellees.

COOPER, C. J.—This is an appeal from the Clark Circuit Court wherein a cause of action was brought by the appellant against the appellees to recover the sum of Twenty Five Thousand ($25,000.00) Dollars in damages, the pertinent part of the complaint avers as a result of the negligence of the appellees growing out of an automobile accident, the plaintiff's husband was painfully and severely injured and otherwise impaired; that in consequence of said injuries, plaintiff was deprived of her said husband, and her comfort and happiness in his society, service and companionship was impaired, and for such loss of consortium was damaged in the above amount.

The issues were formed by the appellant's complaint to which the appellees filed a demurrer, stating in the memorandum thereto, in substance, that the complaint did not state sufficient facts to show a duty owing by the defendants to plaintiff; that the complaint did not state sufficient facts to show the breach of the duty owing by the defendants to plaintiff; that the complaint shows on its face that it is an action for alleged loss by plaintiff of consortium with plaintiff's husband by reason of alleged negligent acts

by defendants and as a matter of law no such cause of action exists in the State of Indiana.

That afterwards, the trial court sustained the appellees' demurrer to the appellant's complaint and ordered the appellant to plead over. Thereafter, the appellant, refusing to plead over, the trial court found for the appellees and adjudged that the appellant take nothing by her complaint. This appeal followed.

The appellant's assigned error is that the court erred in sustaining appellees' demurrer.

The sole question presented by this appeal is when a husband is injured as a result of the negligence of a third person, may his wife maintain an action in her own right against a tort-feasor to collect damages as thereby sustained in loss of consortium with her husband by reason of such negligent acts?

The appellant concedes in his brief and in oral argument before this court that the law in Indiana is and has been, as in most jurisdictions, against the wife maintaining such an action since the passage of the Married Woman's Act. We find only one case in point which has been decided by our Supreme Court, *Boden* v. *Del-Mar Garage* (1933), 205 Ind. 59, 185 N. E. 860, in which case the Supreme Court sustained the view that the wife could not successfully bring such an action.

In reviewing the foregoing well-reasoned case, we find at p. 72, the following pertinent statements:

" 'After diligent research, we have failed to find a single decision . . . which approves the wife's right to recover damages for the loss of consortium under the circumstances appearing in the instant case, and to sanction such right of recovery would be tantamount to the recognition of a doctrine

utterly at variance with the most enlightened judicial opinion prevailing in other jurisdictions.'

"Without extending this opinion further it may be said, by the great weight of authority, that a wife has no right of action against a person for the loss of consortium of her husband caused by personal injuries sustained by him through the negligence of such person, and even though such injury was inflicted wilfully and maliciously. *Nieberg* v. *Cohen, supra; Marri* v. *Stamford St. R. Co., supra; Feneff* v. *New York R. R. Co., supra; Emerson* v. *Taylor* (1918), 133 Md. 192, 104 Atl. 538, 5 A. L. R. 1045; *Bolger* v. *Boston Ry. Co.* (1910), 205 Mass. 420, 91 N. E. 389; *Smith* v. *Nicholas Building Co., supra; Bernhardt* v. *Perry* (1919), 276 Mo. 612, 208 S. W. 462, 13 A. L. R. 1320, 13 R. C. L. 1443; *Brown* v. *Kistleman, supra; Hinnant* v. *Tidewater Co., supra.*"

We do, however, find in the case of *Burk* v. *Anderson et al. etc.* (1952), 232 Ind. 77, 109 N. E. 2d 407, that Judge Gilkison, in speaking for the Supreme Court, makes the following statement:

"Our court is agreed that when a wife is tortiously injured by another either negligently or designedly, the husband has an independent right of action against the tortfeasor, for his loss of the services, society, companionship and all that is contained in the word 'consortium' of the wife, resulting from such injury. It is the belief of the writer of this opinion that when a husband is tortiously injured by another either negligently or designedly the wife, under our enabling statutes, has an independent right of action against the tortfeasor, for her loss of support, society and maintenance of the husband, resulting from such injuries. *It is my thought that the consortium rights of one spouse are coextensive with the consortium rights of the other. Notwithstanding the weight of authority to the contrary, I think this should be the law. Radke* v. *Schlundt* (1902), 30 Ind. App. 213, 65 N. E. 770. *Hipp* v. *E. I. Dupont de Nemours & Co.*, 182 N. C. 9, 108 S. E. 318.

152 

However, a majority does not agree with this idea." (Our emphasis)

We have emphasized Judge Gilkison's thought. The writer of this opinion is inclined to agree with the thought expressed by Judge Gilkison that the consortium rights of one spouse should be coextensive with the consortium rights of the other. However, it appears that the majority members of the Supreme Court did not agree with this idea and supported the doctrine as announced in *Boden* v. *Del-Mar Garage, supra.* We are bound by the decisions of our Supreme Court, and the doctrine they announced in the Boden case, *supra,* is binding upon us until the same is changed, either by the Supreme Court or legislative enactment. See *In re Petitions to Transfer Appeals* (1930), 202 Ind. 365, 174 N. E. 812. At p. 376, *supra,* we find the following statement of the Supreme Court: "The decisions of the Supreme Court are precedents binding upon the Appellate Court".

By reason of what we have heretofore stated, we are of the opinion that the trial court correctly sustained the demurrer of the appellees, and, finding no reversible error in the trial court's ruling on the demurrer, judgment is affirmed.

Carson, Clements, Ryan JJ., concur.

NOTE.—Reported in 189 N. E. 2d 720.