**Irene OWEN, Plaintiff,**

v.

**ILLINOIS BAKING CORPORATION, an Illinois corporation, Defendant.**

**Civ. A. No. 4619.**

United States District Court
W. D. Michigan, S. D.

Feb. 7, 1966.

See also D.C., 235 F.Supp. 257.

Sinas, Dramis, Brake & Werbelow, Lansing, Mich., Lee C. Dramis, Lansing, Mich., of counsel, for plaintiff.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., Richard D. Ward, Grand Rapids, Mich., of counsel, for defendant.

OPINION

FOX, District Judge.

After a trial by jury, a judgment of $30,000 was returned in favor of plaintiff's husband in companion case 4618, for injuries received in an automobile collision between cars driven by plaintiff's husband and an employee of defendant. In the instant case, a judgment of $5,000 was returned in favor of plaintiff for loss of consortium as a result of the accident.

Defendant has moved the court to set aside the judgment in case 4619, and seeks a new trial in case 4618, D.C., 235 F.Supp. 257.

The basis on which the court is requested to set aside the judgment of $5,000 is that under the decided cases in Indiana, which was the situs of the accident, there is no right of a wife to recover damages for loss of consortium, although such right is recognized as to a husband. Burk v. Anderson, 232 Ind. 77, 109 N.E.2d 407 (1953). The opinion in that case expressed marked dissatisfaction with the rule, but felt that under the decided precedents, no other decision was possible.

In the opinion of this court, following the reasoning of the United States Court of Appeals for the District of Columbia Circuit, modern concepts of the marital relationship do not allow such anachronistic practices to be perpetuated in the law. In the case of Hitaffer v. Argonne Co., 87 U.S.App.2d 57, 183 F.2d 811, 23 A.L.R.2d 1366, cert. den. 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624, the court held that a husband and wife have, in the marriage relation, equal rights which will receive equal protection of the law. In the subsequent case of Smither & Co. v. Coles, 100 U.S.App.D.C. 68, 242 F.2o 220, cert. den. 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129, the District of Columbia Circuit overruled the decision in the Hitaffer case inasmuch as it related to the scope of exclusive liability provisions in the District of Columbia Workmen's Compensation Act, D.C.Code 1961, § 36–501 et seq. However, it recognized the holding in that case that a wife has a protected right to maintain an action for loss of consortium.

As pointed out by the Hitaffer court, the right existed at common law, and when female emancipation resulted in the passage of enabling legislation removing previous disabilities on a woman's right to act in her own behalf before the law, the last barrier to the maintenance of such a suit should have been removed. (Id. 183 F.2d at 816.)

In Indiana, two theories have been advanced to support the existing rule. In Brown v. Kistleman, 177 Ind. 692, 98 N.E. 631, 40 L.R.A.,N.S., 236 (1912),

the court held that this interest of the wife was not a property right or derived from a contract of bargain and sale, and it lies in an area which the law will not enter except out of necessity. However the right is characterized, it arises from the marital relation, and to say that it inheres in the husband but not the wife is to indulge in what the Hitaffer court termed "legal gymnastics." And to grant a husband the right to sue on this right while denying the wife access to the courts in the assertion of this same right is too clearly a violation of Fourteenth Amendment equal protection guarantees to require citation of authority.

In Boden v. Del-Mar Garage, 205 Ind. 59, 185 N.E. 860, the court concluded that all actions for loss of consortium were in fact actions for loss of services, and stated that it was unaware of any case which had been maintained solely for loss of consortium. This rationale is effectively refuted by the more recent Indiana case of Burk v. Anderson, supra, which recognized explicitly that services are only one element of the right which the law designates as consortium, and stated that the husband has a right of action for loss of all the elements of consortium, and not merely services, as intimated by the court in Boden, supra.

Thus again, to say that the husband has a right of action for all the elements of his consortium, but the wife does not, runs afoul of Fourteenth Amendment guarantees.

Under the Erie doctrine, federal courts are bound to follow the substantive law of the states in diversity cases. However, when, as here, a federal question is presented, the court does not look to the law of the state, but to federal law as interpreted by the United States Supreme Court, Porter Royalty Pool Co. v. C.I.R., 165 F.2d 933, (CCA 6, 1948), cert. den. 334 U.S. 833, 68 S.Ct. 1347, 92 L.Ed. 1760 (1948).

Thus, this court determines that the denial of the right to sue for loss of

consortium, when applied to a wife but not a husband, is clearly a violation of the wife's right to equal protection of the laws under the Fourteenth Amendment to the Federal Constitution. To draw such a distinction between a husband and wife is a classification which is unreasonable and impermissible, and likewise a violation of the Fourteenth Amendment guarantees.

The motion to set aside the judgment in favor of Irene Owen in Civil Action 4619 is hereby denied. An order may be drawn accordingly.