Margaret ENGLAND, Plaintiff-Appellant,

v.

DANA CORPORATION, Defendant-Appellee.

No. 17266.

United States Court of Appeals,
Seventh Circuit.

Jan. 14, 1970.

Rehearing Denied May 1, 1970.

David W. Dennis, Richmond, Ind., Tony Foster, Indianapolis, Ind., for plaintiff-appellant; Dennis, Dennis & Reinke, Richmond, Ind., Bingham Summers, Welsh & Spilman, Indianapolis, Ind. of counsel.

James J. Stewart, Terence Leads, Indianapolis, Ind., for defendant-appellee; Stewart, Irwin, Gillion, Fuller & Meyer, Indianapolis, Ind., of counsel.

Before CASTLE, Chief Judge, DUFFY, Senior Circuit Judge and FAIRCHILD, Circuit Judge.

DUFFY, Senior Circuit Judge.

This suit was a common law action for damages for alleged loss of support and consortium brought by a wife against her husband's employer, Dana Corporation, arising from personal injuries which the husband suffered and which arose out of and in the course of his employment.

The District Court considered defendant's motion for summary judgment as a motion to dismiss and granted same. The Court dismissed the action for failure of plaintiff's amended complaint to state a claim upon which relief could be granted. Plaintiff appeals from the order of dismissal.

Plaintiff's husband was ordered by defendant, in the course of his duties of employment, to perform certain tasks in close proximity to a high voltage transformer owned and maintained by defendant in its manufacturing building. While performing such duties, plaintiff's husband was permanently disabled by reason of several thousand volts of electricity, emanating from alleged unprotected high voltage cables, entering his body. There is no dispute as to the severity or the extent of the injuries sustained.

There also is no dispute that since the injuries to plaintiff's husband were received in the course of his duty at one of defendant's manufacturing plants in Richmond, Indiana, he was and is subject to the provisions of the Indiana

Workmen's Compensation Act. (Burns Ind.Stat.Ann. § 40–1206).

The Indiana courts had clearly established that the law of Indiana did not recognize a cause of action on behalf of a wife for loss of consortium or for loss of support arising from injuries to her husband. Brown v. Kistleman et al., 177 Ind. 692, 98 N.E. 631, 40 L.R.A.,N. S., 236 (1912); Boden v. Del-Mar Garage, Inc., 205 Ind. 59, 185 N.E. 860 (1933); Miller v. Sparks, 136 Ind.App. 148, 189 N.E.2d 720 (1963); Burk v. Anderson et al., 232 Ind. 77, 109 N.E.2d 407 (1952); McDaniel v. McDaniel, 245 Ind. 551, 201 N.E.2d 215 (1964).

Recently this Court decided Miskunas v. Union Carbide Corp., 399 F.2d 847 (7 Cir., 1968). The District Court there held that under Indiana law, a wife had no cause of action for loss of her husband's services, companionship or consortium, and granted the defendant's motion to dismiss the complaint. On appeal, this Court held that we were bound to follow the unbroken line of Indiana authorities, and we affirmed.

In *Miskunas, supra,* we said at page 849: "Two states in this circuit have adopted the rule that the wife should be permitted to sue for loss of consortium. Although this rule has much to commend it, we are bound by the unbroken line of Indiana authority to the contrary. * * *"

However, after the date of oral arguments in this case, the Supreme Court of Indiana, on December 9, 1969, decided Troue v. Marker, Ind., 252 N.E.2d 800. The Indiana Court stated the issues in that case to be "* * * whether or not the prevailing doctrine in Indiana of denying a wife a recognized cause of action for loss of consortium of her husband should be abrogated and the principle relating thereto should be changed so as to grant a wife such cause of action as a husband has for such loss."

The Indiana Supreme Court also stated: "We now proceed to consider the question on the merits as to whether or not a wife may recover for loss of consortium of her husband in this state."

The Indiana Court then stated: "In this case we are dealing with a principle or doctrine of law that has its origin in an archaic time, when a wife was more a servant than a companion and partner." Also: "Since that time the unity concept of marriage has in a large part given way to the partner concept whereby a married woman stands as an equal to her husband in the eyes of the law."

The Indiana Court's holding in Troue v. Marker, *supra,* was stated by the Court to be "We therefore hold that a wife in this state is entitled to recover for loss of consortium against a wrongdoer who has injured her husband, but she is not entitled to recover for loss of support due from the husband to such wife in such action."

█ Assuming but not deciding that under Troue v. Marker, *supra,* the decision in that case has a full retroactive effect, we hold that Margaret England had the legal right to bring an action for loss of consortium due to the injuries received by her husband. However, the question remains as to whether such a claim if barred by the provisions of the Indiana Workmen's Compensation Act (Burns Ind.Stat.Ann. § 40–1206).

The remaining issue before us is whether the wife of an employee husband is precluded from suing his employer by the "exclusive" character of the Indiana Workmen's Compensation Act. That Act provides, in part:

"The rights and remedies herein granted to an employee subject to this act * * * on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death."

█ The case of Stainbrook v. Johnson County Farm Bureau, Cooperative Association, Inc., 125 Ind.App. 487, 122 N.E.2d 884, 886–887 (1954), holds that the husband of an injured employee is included in the words "next of kin" of the Indiana Workmen's Compensation

Act and therefore that he may not sue his wife's employer for loss of consortium. In McDonald v. Miner, 218 Ind. 373, 32 N.E.2d 885, 886 (1941), a wife was injured in the course of her employment and later died. The husband sued the employer for wrongful death. The decision of the Court rested heavily upon the interpretation of the words "next of kin" in the Indiana Workmen's Compensation Act. The Court noted that "next of kin" generally is construed to mean nearest blood relation, but stated that in the Wrongful Death Statute "* * * 'next of kin' is usually interpretated to embrace all those who take under the laws of descent and distribution, including the surviving spouse." The Court concluded that the surviving spouse (husband) was included in the words "next of kin" and thereby was excluded from suing the employer because the remedies under the Indiana Workmen's Compensation Act, Section 6, are exclusive. We have no reason to expect that the Indiana Supreme Court would not apply that same logic to a wife's suit against her injured husband's employer.

We hold that the plaintiff's claim herein is barred by the exclusive remedy provision of the Indiana Workmen's Compensation Act.

Judgment

Affirmed.

### ORDER

PER CURIAM.

Plaintiff-appellant has filed a motion for rehearing of our judgment which was entered on January 14, 1970, 7 Cir., 428 F.2d 385. We there held that under a recent ruling of the Indiana Supreme Court, appellant had the legal right to bring a suit for loss of consortium due to injuries received by her husband. We further held that plaintiff's claim in the instant case was barred by the exclusive remedy provision of the Indiana Workmen's Compensation Act.

In her petition for rehearing, appellant states that a cause of action identical to the one which has been and is before us, is now pending before the Appellate Court of Indiana (Cause No. 3511), having been argued orally before that Court on January 6, 1970. The petition further states that whatever the decision in the Appellate Court may be, transfer will almost certainly be sought to the Supreme Court of Indiana.

It is ordered, that the petition for rehearing of our judgment herein filed on January 14, 1970, be and the same is hereby denied, but subject to permission to file a petition for a reopening should the Supreme Court of Indiana decide the law to the contrary in the case between the same parties and which is now pending before the Indiana Appellate Court. Petition for rehearing by plaintiff-appellant is

Denied