ALLEN *v.* PUBLIC SERVICE COMPANY OF INDIANA, INC.

[No. 18,237. Filed March 31, 1952. Rehearing denied April 21, 1952. Transfer denied May 13, 1952.]

*Thomas J. Gallagher*, of Sullivan and *James F. Gallagher*, of Newport, for appellant.

*Bernard C. Craig* and *George N. Craig*, both of Brazil; *Will H. Hays, Hinkle C. Hays, John S. Taylor, J. Olias Vanier, John T. Hays, Leslie E. Howell, Garza Baldwin, Jr.*, and *George E. Taylor*, all of Sullivan; and *William P. Evans* and *Edmond W. Hebel* (of counsel), General Counsel, Public Service Co. of Indiana, of Plainfield, for appellee.

WILTROUT, P. J.—Appellee has filed a motion to affirm the judgment of the court below by reason of deficiencies in appellant's brief. While the brief does not strictly comply with Rule 2-17, there was a good faith effort to comply, resulting in a substantial compliance so that the court is able to understand the questions sought to be presented and the points made. The motion to affirm is overruled.

A demurrer was sustained to appellant's complaint on the ground that his action was one properly brought before the Industrial Board.

The complaint alleges that appellee, a public utility corporation, owns and maintains electric light poles and wires; that appellant was employed by appellee as a maintenance man; that in March 1946, appellee assigned one Hanger, another employee; to work with appellant "and for both of them to climb the same poles together, to drink from the same water container, handle the same tools and to work each day all day together as 'buddies' "; that at that time Hanger was afflicted with the highly contagious disease of amoeba dysentery or amebiasis, which fact appellee knew but appellant did not; that appellee knew of appellant's lack of knowledge; that after being exposed to the disease for a period of time appellant learned of Hanger's affliction and, not knowing whether it was contagious or not, called it to the attention of appellee; that appellee assured him that it was not contagious and directed him to continue work; that appellee knew or could have known by due care that the disease was contagious; that appellee negligently, knowingly and wilfully exposed appellant to this disease by requiring him to work in constant contact with Hanger, knowing that he was likely to contract the disease; that appellant relied upon defendant's direction and advice that the disease was not contagious and so relying contracted the same. It is further alleged that the disease is a disease independent of the relation of employer and employee and not incidental to the character of appellee's business, but is an ordinary disease of life to which the general public can be exposed upon association with those afflicted.

The complaint does not allege a rejection of the Workmen's Compensation Act.

"The rule has been firmly established by decisions of both this court and the Supreme Court that in the absence of a rejection of the Workmen's Compensation Act by employee or employer, where a case comes within the provisions of that Act, the remedy there provided is exclusive." *Markham* v. *Hettrick Manufacturing Company* (1948), 118 Ind. App. 348, 79 N. E. 2d 548; *Seaton* v. *United States Rubber Co.* (1945), 223 Ind. 404, 61 N. E. 2d 177; *Runion* v. *Indiana Glass Co.* (1938), 105 Ind. App. 650, 16 N. E. 2d 961; *Harshman* v. *Union City Body Co.* (1938), 105 Ind. App. 36, 13 N. E. 2d 353.

The disease and injury arose out of and in the course of appellant's employment. Under the facts here alleged it was not a disease contracted by an employee through such usual intercourse with his fellow workmen as is common among men, but was contracted because of unusual circumstances connected with the employment.

In *Wasmuth-Endicott Co.* v. *Karst* (1922), 77 Ind. App. 279, 133 N. E. 609, an employee contracted typhoid fever through drinking water furnished by his employer, which water, without the employer's knowledge, had become contaminated. The court stated that, "it is clear that the entering of typhoid germs into appellee's intestines, by reason of drinking the polluted water furnished him by appellant for that purpose, while in its employ, may rightfully be termed an accident." The award of the Industrial Board was affirmed.

Again, in *State Highway Comm.* v. *Smith* (1931), 93 Ind. App. 83, 175 N. E. 146, an employee became sick with gastroenteritis by reason of drinking polluted water furnished by a water boy in the employ of the employer and which had been obtained from a tile ditch. Cardiac arthritis developed, resulting in death. The award of the Industrial Board was affirmed. Similar

cases from other states are discussed in the Annotation in 141 A. L. R. 1490. See also Small, Workmen's Compensation Law of Indiana, §8.71, p. 235, §5.2, p. 98.

Here, under the allegations of the complaint, the appellant was required to drink from the same water container as Hanger and handle the same tools. The facts are somewhat analogous to those in the last two cited cases. We believe such cases and the reasoning upon which they are based require the conclusion that the injury was by accident and the pleaded case comes within the provisions of the Workmen's Compensation Act.

The demurrer was properly sustained.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 2d 756.