STAINBROOK *v.* JOHNSON COUNTY FARM BUREAU,
ETC. ET AL.

[No. 18,565. Filed December 7, 1954. Rehearing denied
January 21, 1955. Transfer denied June 1, 1955.]

488

*Gerald F. Branigin, Thurman M. DeMoss* and *Branigin & Branigin,* of Franklin, for appellant.

*Hugh E. Reynolds, Hugh Watson* and *Slaymaker, Locke & Reynolds,* of Indianapolis, for appellee.

KENDALL, J.—Appellant brought suit in the court below for damages for the loss of his wife's services who was an employee of the Johnson County Farm Bureau Co-operative who was injured while in the course of her employment. It was stipulated that the wife as the employee and her employer by its compensation insurance carrier entered into an agreement for the payment of compensation, which agreement was duly filed with the Industrial Board of Indiana.

A plea in abatement was filed by appellee alleging that the wife had been paid in full the amount due her under the provisions of the Workmen's Compensation Act, to which a demurrer was filed by the appellant which was overruled by the court. Appellant then filed

answer to plea in abatement resulting in the trial court entering judgment for appellee and ordering that said action abate.

Appellant's motion for new trial was overruled. The assignment of errors are: (a) error in overruling appellant's demurrer to appellees' plea in abatement; (b) error in entering judgment abating the action; (c) error in overruling appellant's motion for new trial.

By the issues presented, we are called upon to decide whether the rights under the Indiana Workmen's Compensation Act are exclusive or whether a husband whose wife has been injured and paid the full amount due under the provisions of the Indiana Workmen's Compensation Act may maintain an action at common law for the loss of society, companionship, conjugal affection and services on account of such injuries sustained by her in the course of her employment.

Appellees argue that the rights granted by the Indiana Workmen's Compensation Act are exclusive of all other rights and that the employer is only liable in the manner provided by the Act; that the husband's claim being dependent upon his wife's injury, an employee, he does not have a common-law right of action for his loss sustained as a result of her injuries. The appellant contends, however, that the Act does not expressly exclude the remedy of the husband at common law for the injuries of his wife; that the husband still has such remedy and that the wife may be allowed to accept payments under the Act and at the same time, he be permitted to maintain an independent action at common law for damages for loss of services.

Sections 5 and 6 of the Act, being §§40-1205 and 40-1206, Burns' 1952 Replacement, are pertinent to a decision of the question presented. Sec. 5 provides in part as follows:

". . . and while such insurance or such certificate remains in force he (employer) or those conducting his business shall be liable to any employee and his dependents for personal injury or death by accident arising out of and in the course of employment only to the extent and in the manner herein specified. (Acts 1929, ch. 172, Sec. 5, p. 536, Burns' Indiana Statutes, 1952 Replacement, §40-1205.)"

Sec. 6 provides as follows:

"The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death. (Acts 1929, ch. 172, Sec. 6, p. 536, Burns' Indiana Statutes, 1952 Replacement, §40-1206.)"

In the case of *Allen* v. *Public Service Co.* (1952), 122 Ind. App. 421, 104 N. E. 2d 756, the court re-affirmed the rule that in the absence of a rejection of the Workmen's Compensation Act by the employee or employer where a case comes within the provisions of the Act, the remedy there provided is exclusive. Small: Workmen's Compensation Law of Indiana, §2.4, p. 23.

In the case of *McDonald* v. *Miner* (1941), 218 Ind. 373, 32 N. E. 2d 885, the Supreme Court pointed out that under §6 of the Workmen's Compensation Act it was provided that the remedies granted by the Act should be exclusive of all other rights and remedies of the employees, personal representatives, dependents or next of kin at common law or otherwise on account of such injury or death. In that case, by which this court is bound, the husband sued in his own right—not as a personal representative, asserting an independent action. The court held that the husband came within the exclusion of §6 of the Workmen's Compensation Act,

thus affirming the judgment of the trial court denying recovery.

It is further questioned by the appellant that the term, "next of kin," does not include the husband but refers to next blood relationship. The Supreme Court in the McDonald case, supra, held that §6 of the Act should be construed as manifesting a legislative attempt to include the appellant as a husband in the words, "next of kin." Courts have held that the Workmen's Compensation Act is to be liberally construed. Taking into account the objectives of the compensation law, and, considering it in its entirety, we construe the words, "next of kin," used in the act are broad enough to include the husband of an employee, although technically, there was no blood relationship. In arriving at the intention of the Legislature in the passage of §6 of the act, we believe that §6 substituted for the common-law remedy a statutory proceeding by which an employer would be required to compensate those who suffer damage in industrial accidents regardless of fault on the part of the employer. The amount to be paid therefor being fixed by the Legislature, and, upon compliance with the Act, the employer was relieved of all further liability in the premises including rights of third parties.

The basic principle of the Compensation Act is based upon the proposition that the common-law rule of liability for personal injuries incident to the operation of industrial enterprises based upon negligence of the employer with its defenses of contributory negligence and assumption of risk is inapplicable to modern conditions of employment. To allow a common-law recovery for loss of consortium merely because such an action is not expressly mentioned in the body of the Act, would make the liability

of the employer uncertain and indeterminate. To so interpret the Act would defeat the real intent of the Legislature.

The employer and employee in this case elected to have their rights determined according to the terms of the Act. By so-doing, the common-law remedy in tort follows by reason of a statutory contract for compensation based not upon the principle of tort but upon remuneration regardless of fault to the injured employee. With it fell any action in tort that the husband had by virtue of the marital status of the employee wife. This seems to us to be the rational consequence of a changed relationship by consent of the parties affected under the Act whereby the employer becomes immune from liability for the tort in consideration of the payment of compensation at a statutory rate regardless of fault.

We have examined the authorities cited by appellant and find them not to be in point with the factual situation presented in this case and the law applicable thereto. We are well aware of the general rule providing for a husband's common-law right of action for his wife's services and consortium; however, such right exists only in instances where it has not been abrogated by statute. The trial court was correct in denying the appellant the usual common-law remedy.

We hold that the Act provides that the liability of an employer on account of injuries to his employee is to the extent and manner specified under the terms of the Compensation Act, and further that the right and remedies granted to an employee, personal representative, dependent or next of kin, at common law or otherwise, are controlled by the terms of said Act.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 2d 884.