Mark Edward BREWINGTON, Plaintiff

v.

RADIO CORPORATION OF AMERICA, Defendant.

Beatrice BREWINGTON, Plaintiff,

v.

RADIO CORPORATION OF AMERICA, Defendant.

Nos. IP 62–C–215, IP 62–C–216.

United States District Court
S. D. Indiana,
Indianapolis Division.
Nov. 12, 1962.

Freeman Bradford, of Bradford, Ingles & Prime, Indianapolis, Ind., for plaintiffs.

James V. Donadio, of Ross, McCord, Ice & Miller, Indianapolis, Ind., for defendant.

STECKLER, District Judge.

These two actions, which are related causes, came before the court upon the defendant's separate, but nearly identical, motions to dismiss for failure to state a claim on which relief can be granted and for lack of jurisdiction over the subject matter of each action, and upon the defendant's suggestion that the court lacks jurisdiction of the subject matter of each complaint, made pursuant to Rule 12(h), Federal Rules of Civil Procedure. After considering each motion, together with the defendant's briefs in support of said motions, and the affidavits tendered therewith, and being duly advised in the premises, the motion to dismiss in each action is hereby SUSTAINED.

Cause No. IP 62–C–215 is an action by Mark Edward Brewington for hospital and medical expenses, and for loss of services and consortium, seeking $25,-000.00 damages. Cause No. IP 62–C–216 is an action by Beatrice Brewington for personal injuries, mental anguish, future medical expenses and loss of earnings, seeking $100,000.00 damages. Both actions are based upon alleged **injuries** suffered by Beatrice Brewington, wife of Mark Edward Brewington, allegedly as a result of the inhalation of the fumes of certain chemicals while the wife was employed by the defendant, Radio Corporation of America, allegedly as a result of defendant's negligence and violations of certain statutes.

Defendant asserts the actions must be dismissed by reason of lack of jurisdiction of the subject matter. Under the provisions of Ind.Ann.Stat. § 40–1206 (1952), the remedy provided by the Indiana Workmen's Compensation Act is the exclusive remedy of an employee for personal injuries or death arising out of and in the course of employment, as against the employer. Similarly, under the provisions of Ind.Ann.Stat. § 40–2202 (1952), the remedy provided by the Indiana Workmen's Occupational Diseases Act is the exclusive remedy of an employee as against the employer. Plaintiffs have failed to allege in their complaints that either the wife or the employer had elected not to be covered by these acts. Under the provisions of Ind.Ann.Stat. § 40–1202 (1952), there is a statutory presumption that every employer and employee have accepted the provisions of the Workmen's Compensation Act. Defendant has filed affidavits which show that the defendant has elected to be covered by the Occupational Diseases Act and that the wife has not rejected coverage under that act. (It should here be noted that although plaintiffs were given an extension of some 17 days, in addition to the 15-day period permitted by local rule, in which to answer defendant's motions, no answer brief nor counter affidavits of any kind have been filed.)

In the wife's action it is alleged that there is no remedy afforded her by the Occupational Diseases Act. The majority of the courts appear to hold that if an injury or disease is not within the coverage afforded by the compensation or occupational disease acts, an action at common law is not barred by the exclusive remedy provisions of the act. See 100 A.L.R. 519, supplemented at 121 A.L.R. 1143. Compare Dalton Foundries

v. Jefferies, 114 Ind.App. 271, 51 N.E.2d 13 (1943). However, coverage under the Indiana Occupational Diseases Act is very broad. See Ind.Ann.Stat. § 40–2206 (1952). And where the allegations of the complaint make it clear that the plaintiff is attempting to recover damages for injuries caused by accident arising out of and in the course of the employment, other allegations that plaintiff is suffering from an occupational disease caused by the defendant's negligence which is not compensable under the Occupational Diseases Act do not remove the case from the exclusive provisions of the Workmen's Compensation Act. Seaton v. United States Rubber Co., 223 Ind. 404, 61 N.E.2d 177 (1945). Similarly, allegations that the injury is outside the scope of the Workmen's Compensation Act are unavailing where the allegations show this is not the case, and dismissal is proper. Selby v. Sykes, 189 F.2d 770 (7th Cir., 1951).

■ Plaintiff wife also alleges defendant violated certain Indiana statutes. Allegations of violation of statutes which create remedies in addition to those available at common law do not remove the case from the compensation class of cases where the facts show a compensation case. See Selby v. Sykes, supra; Allen v. Public Service Co., 122 Ind.App. 421, 104 N.E.2d 756 (1952); Markham v. Hettrick Mfg. Co., 118 Ind.App. 348, 79 N.E.2d 548 (1948); Harshman v. Union City Body Co., 105 Ind.App. 36, 13 N.E.2d 353 (1938). See also Strickler v. Sloan, 127 Ind.App. 370, 141 N.E.2d 863 (1957). Whether the employer violated a statute or was negligent is immaterial in so far as recovery under the compensation acts is concerned. Harshman v. Union City Body Co., supra; Barlow v. United States Encaustic Tile Works, 83 Ind.App. 646, 148 N.E. 424 (1925).

■ If the wife's action must be dismissed, it follows that the husband's action must be dismissed also. See Stainbrook v. Johnson County Farm Bureau Co-op. Ass'n, 125 Ind.App. 487, 122 N.E.

2d 884 (1954). The reasoning there applied to the Workmen's Compensation Act seems equally applicable to the Occupational Diseases Act. See also Ind. Ann.Stat. §§ 40–1206, 40–2202 (1952).

Since it is apparent from the face of each complaint that the court lacks jurisdiction of the subject matter in each action, the actions should be, and are, hereby DISMISSED.