**Elwood E. CUNNINGHAM, Maria Cunningham, Appellants (Plaintiffs Below),**

v.

**ALUMINUM COMPANY OF AMERICA, INC.; The Dover Tank and Plate Company; Robinson Industries, Inc.; The Dayton Casting Company; Barmet of Indiana, Inc., Appellees (Defendants Below).**

No. 1–680A164.

Court of Appeals of Indiana, First District.

March 31, 1981.

---

Daniel J. McGinn, Evansville, for appellants-plaintiffs.

John D. Clouse, Michael C. Keating, and Laurie A. Baiden, Evansville, Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellees-defendants.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Appellants Elwood E. Cunningham (Cunningham) and Marie Cunningham brought this action for personal injury and loss of services against Cunningham's employer, Barmet of Indiana, Inc. (Barmet) and other

defendants not parties to this appeal.[1] Cunningham also sought a declaratory judgment that portions of Indiana's Workmen's Compensation Act are unconstitutional. In accordance with Ind.Code 34–4–10–11, the Attorney General of the State of Indiana was served and is an appellee herein.

Barmet filed a motion to dismiss for failure to state a claim upon which relief could be granted, and the trial court dismissed that portion of the complaint seeking relief against Barmet. The State successfully moved to dismiss the portion of the complaint seeking the declaratory judgment. Following the expiration of sufficient time during which Cunningham could have pleaded over, the trial court entered final judgment on these dismissals and Cunningham appeals.

We affirm.

## STATEMENT OF THE FACTS

Since we are reviewing the dismissal of portions of Cunningham's complaint for failure to state a claim upon which relief could be granted, our mode of review obliges us to accept as true all facts alleged in the complaint, and to draw every reasonable inference in Cunningham's favor. *Morris v. City of Kokomo,* (1978) Ind.App., 381 N.E.2d 510; *van Bronckhorst v. Taube,* (1976) 168 Ind.App. 132, 341 N.E.2d 791.

The facts alleged in the complaint relevant to the issues raised in this appeal are the following. Cunningham was employed by Barmet in its aluminum reclamation plant near Rockport, in Spencer County, and was working within the scope of his employment when the event occasioning his injuries occurred. Cunningham worked in close proximity to blast furnaces containing molten aluminum. Large molds, into which molten aluminum is poured for cooling, are located nearby.

On November 10, 1977, Cunningham was attempting to unplug an opening in one of the furnaces. The air inside the plant was dense with smoke and other pollutants, restricting visibility to six to twelve inches. An amount of molten aluminum jetted out of the furnace on which Cunningham was working and splashed on him; he recoiled in retreat. As he withdrew, he lost his footing due to ruts and grooves in the floor which were caused by discharges of a salt compound from the furnaces. Cunningham fell into a vat of molten aluminum. Cunningham sustained first, second, and third degree burns over 40 percent of his body. He was scarred and permanently disfigured; his mobility was restricted. His medical expenses totalled some $9,000 as of the date of the complaint; further medical expenses are anticipated. He was unable to work for a period of time and anticipates future lost income attributable to these injuries.

## ISSUES

We restate the issues raised by Cunningham as follows:

I. Whether an employee who is injured as a result of his employer's intentional, reckless, or negligent violation of safety statutes is precluded by the Workmen's Compensation Act from bringing a direct action against his employer for compensatory damages and for punitive damages; and

II. Whether Ind.Code 22–3–2–6 and Ind. Code 22–3–2–8 are unconstitutional in that these sections of the Workmen's Compensation Act assertedly violate Ind.Const. art. 1, § 23, and U.S.Const. amend. XIV, § 1.

## DISCUSSION AND DECISION

*Issue I. Exclusiveness of remedy*

Cunningham maintains the position on appeal that he should be allowed to bring a direct action against his employer, Barmet, for compensatory and punitive damages since he has alleged he was injured as a

---

1. Other named defendants include manufacturers, providers, and designers of various components of the Barmet physical plant.

"direct and proximate result of the intentional actions of his employer or as the direct and proximate result of the intentional violations of laws and safety rules and regulations of the State of Indiana by his employer." Cunningham contends that under Ind.Code 22–1–1–10,[2] Barmet was under a statutory duty to maintain a safe place of employment, and violated this duty. Cunningham has characterized the degree of Barmet's culpability in violating this duty, variously, as intentional, wanton and/or wilful, and negligent. Although his complaint alleges that Cunningham sustained injury as a proximate result of Barmet's alleged statutory violation, he argues in his appellate brief that Barmet inflicted upon him an intentional injury. He develops the argument that in order to be compensable under the Workmen's Compensation Act (Act), the injuries sustained must result from an *accident* arising out of and in the course of the worker's employment. He argues that the event occasioning his injury was not an accident, since injuries resulting from intentional violations of safety rules were to be expected from the standpoint of the employer. Since the remedies provided under the Act are exclusive only for compensable injuries, Cunningham concludes the Act does not foreclose his common law action against Barmet. Further, Cunningham contends, the remedial and humanitarian purposes of the Act are not served by barring his right to bring this action against his employer.

Barmet counters that the complaint, as to it, was properly dismissed since the "exclusive remedy provision" of the Act, Ind.Code 22–3–2–6, limits Cunningham's remedies to those provided by the Act, and prohibits this tort action.

We have carefully examined Cunningham's complaint, viewing it as we must in his favor, and find no facts whatever supportive of an inference that Barmet intentionally engaged in any conduct toward the end that Cunningham be injured. We do find the factual allegations sufficient to support an inference that Barmet may have intentionally maintained its plant in a condition violative of safety statutes, rules and regulations. We therefore consider whether such conduct on the part of the employer operates to remove Cunningham's injury from the class of injuries compensable under the Workmen's Compensation Act.

Ind.Code 22–3–2–2 considers as compensable "personal injury or death by accident arising out of and in the course of employment." There is no dispute as to whether Cunningham was working in the course of his employment at Barmet. Our analysis then commences with the consideration of whether the occurrence resulting in Cunningham's injury, as resulting from Barmet's deliberate violation of safety rules, regulations and statutes, was an "accident" within the purview of the Act.

Ind.Code 22–3–2–6, captioned "Exclusive remedies," states:

"The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury or death."

As mentioned above, we cannot reasonably infer from Cunningham's allegations that Barmet engaged in any conduct with the intention that Cunningham be injured thereby. He has alleged only that Barmet deliberately maintained its plant in condi-

---

2. Ind.Code 22–1–1–10 is captioned "Safe place to work" and states:

"Every employer and place of employment under the jurisdiction of the division of labor created by this act, shall furnish employment which shall be safe for the employees therein, and shall furnish and use safety devices, safeguards, methods and processes reasonably adequate to render any such employment and place of employment safe, and shall do every other thing reasonably necessary to protect the safety of such employee."

Cunningham further alleges, without particularity, violations of the Foundry Code, 610 IAC 1–3–1 *et seq.*; Ind.Admin. Rules & Regs. (22–1–10–1)–C1 *et seq.* (Burns Code Ed.). He cites no other statutory provision alleged to have been violated.

tions violative of safety statutes, rules, and regulations. He argues that as such Barmet should have anticipated that he would be injured in the manner in which he was ultimately injured. We disagree.

Dean Prosser has stated, in discussing the concept of intent in tort law, the following:

"[T]he mere knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid, and becomes a certainty."

Prosser, Law of Torts, 4th Ed. 1971, 32. *See also* 2A Larson's Workmen's Compensation Law § 68.13 (1976) and, particularly, those cases collected in note 11 thereto.

■ We consider Cunningham's injury to have resulted from an accident arising out of and in the course of his employment at Barmet. In *Pearson v. Rogers Galvanizing Company*, (1945) 115 Ind.App. 426, 59 N.E.2d 364, the plaintiff employee contended he had sustained injury proximately caused by unlawful acts and omissions on the part of his employer amounting to negligence and wanton and wilful conduct. He argued that his injuries did not result from an "accident" since the injuries could have been reasonably anticipated by the employer. The court rejected this contention, and held the employee's sole remedy was under the Workmen's Compensation Act. The court stated:

" 'The term "accident" as employed in the act has been defined by this court many times as meaning "an unlooked for mishap, an untoward event which is not expected or designed." ' *American Maize Products Co. v. Nichiporchik* (1940), 108 Ind.App. 502, 29 N.E.2d 801.

In determining whether the elements of expectation or design must be absent from the standpoint of the injured person or from that of his employer, or both, we have as our sole guide in this jurisdiction the case of *Furst Kerber Cut Stone Co. v. Mayo* (1925), 82 Ind.App. 363, 144 N.E. 857, wherein it was enunciated:

'The word "accident" in Section 2 of the Workmen's Compensation Act is used in its popular sense, and means any mishap or untoward event not expected and which was not designed *by the one who suffered the injury or death.*' (Italics ours)"

115 Ind.App. at 428–29, 59 N.E.2d 364.

■ We now consider whether Cunningham's allegations charging Barmet with maintaining its plant in violation of certain safety statutes, rules, and regulations in any way effect to remove Cunningham's injury from the class of compensable injuries. This is not a novel contention. Our review of cases which have considered the issue leads us to the conclusion that such allegations do not operate to bring Cunningham's claim outside of the exclusive remedy provision of the Act.

In *Harshman v. Union City Body Company*, (1938) 105 Ind.App. 36, 13 N.E.2d 353, the plaintiff-employee contended his cause of action, which alleged a violation of the Employer's Liability Act, was not a workmen's compensation case for that reason. Citing *Barlow v. U. S. Encaustic Tile Works*, (1925) 83 Ind.App. 646, 148 N.E. 424, the court held that such allegation did not take the cause out of the classification of workmen's compensation cases.

In *Burkhart v. Wells Electronics Corp.*, (1966) 139 Ind.App. 658, 215 N.E.2d 879, the employee sought compensatory and punitive damages from her employer, alleging that she sustained injury as the result of an intentional attack upon her by one of the employer's supervisory employees. She alleged that such supervisory employee was "acting as the servant of [the employer] and in the line of his duty and within the scope of his employment as representative of [the employer.]" The court rejected her claim,

finding that on its face the complaint indicated that the alleged assault and battery arose out of the employment of the two individuals involved. Further, the court found unnecessary the employee's attempt to distinguish an intentional and a negligent tort, stating that, "The distinction to be drawn is whether or not the accident arose out of and in the course of employment." We consider the court to have impliedly found that an action for punitive damages will not lie when the tort arose out of and in the course of employment. *See also, Seaton v. United States Rubber Company*, (1945) 223 Ind. 404, 61 N.E.2d 177; *McLaughlin v. American Oil Company*, (1979) Ind.App., 391 N.E.2d 864.

In *North v. United States Steel Corporation*, (7th Cir. 1974) 495 F.2d 810, the United States Court of Appeals for the Seventh Circuit considered whether, under Indiana law, an employee could bring an action against his employer to recover punitive damages for personal injuries attributed to the employer's wilful and reckless violation of Indiana statutes respecting provision of a safe place for employees to work. The employee argued that the Workmen's Compensation Act did not foreclose his right to seek exemplary damages for violation of specific statutes imposing a duty on his employer. The federal district court's entry of dismissal was affirmed, the court on review agreeing that the employee's remedy under the Act was "exclusive regardless of the [employee's] allegation that the cause of his injury was wilful and reckless violation of the statutes and his prayer for punitive damages." 495 F.2d at 811–12.

■ We hold that an employee who is injured in an accident arising out of and in the course of his employment must pursue his claim against his employer according to the provisions of the Workmen's Compensation Act exclusively. Cunningham does not state a cognizable common law claim by alleging his injury was produced by his employer's negligent, wilful, wanton, or reckless violation of safety statutes, rules, and regulations, and seeking punitive damages therefor.

## Issue II. Constitutionality

The trial court dismissed, for failure to state a claim upon which relief could be granted, Paragraph VII of Cunningham's complaint, in which he sought to have declared unconstitutional certain provisions of the Workmen's Compensation Act. He further sought a declaration of his right to maintain an action for punitive damages against his employer, Barmet. Inasmuch as Cunningham restricts his discussion under this issue on appeal to the denial of his constitutional claim, so shall we.

■ Cunningham's claim here is based upon the equal protection clauses of the constitutions of Indiana[3] and the United States.[4] The rights protected by these clauses are identical. *Parker v. State*, (1980) Ind.App., 400 N.E.2d 796.

The essence of Cunningham's constitutional argument is as follows. In 1977, when the accident occurred,[5] Ind.Code 22–3–2–8 stated:

"No compensation shall be allowed for an injury or death due to the employee's intentionally self-inflicted injury, his intoxication, his commission of a felony or misdemeanor, his wilful failure or refusal to use a safety appliance, his wilful failure or refusal to obey a reasonable written or printed rule of the employer which has been posted in a conspicuous position in the place of work, or his wilful failure

---

3. Ind.Const. art. 1, § 23 states:
 "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

4. U.S.Const. amend. XIV, § 1 states in pertinent part:
 "No state shall make or enforce any law which shall abridge the privileges or immuni-

ties of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

5. This section was amended by Acts 1978, P.L. 2, Sec. 2209.

or refusal to perform any statutory duty. The burden of proof shall be on the defendant."

While proof of such misconduct bars an injured employee's claim for compensation, Cunningham notes that no corresponding provision prohibits an employer, who has engaged in such misconduct, from invoking the benefits of the Act. Cunningham considers an employer who asserts the exclusive remedy provision of the Act as reaping the benefits of the Act, since he would be protected by the compensation limits.

In structuring his contention into the framework of a cognizable equal protection claim, Cunningham demonstrates a fatal misconception. Contending the statutes at issue deny him equal protection, he states, "Employees and employers are in the class designed to be protected by the Workmen's Compensation Act, yet the exclusive remedy section of the Act grants a privilege and an immunity to an employer." He argues, essentially, that the difference in treatment accorded employers and employees under the Act bears no reasonable relation to a legitimate state objective, and is therefore unconstitutional. This is not an intelligible constitutional challenge.

The purpose and history behind workmen's compensation schemes are well chronicled, and we need not perform an extensive review here.[6] For our present purpose, it suffices to say that the legislation developed in response to the recognition that the common law provided the injured worker a highly unsatisfactory remedy, since his claim was vulnerable to the formidable defenses of contributory negligence, assumption of risk, and the fellow servant rule. The Act is basically a mechanism which provides the injured worker a guaranteed, speedy remedy, and the costs of industrial injuries, initially borne by the employer through insurance, are eventually absorbed by the consumer.

██ It goes without saying that such legislation must of necessity distinguish between employers and employees.

 Cunningham has nowhere alleged that the Act in its operation treats him any differently than any other employee. Broadly speaking, the equal protection provisions in our constitutions insure that "all persons similarly circumstanced shall be treated alike." *Royster Guano Company v. Virginia,* (1920) 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989; *Board of Commissioners of Howard County v. Kokomo City Plan Commission,* (1975) 263 Ind. 282, 330 N.E.2d 92. Cunningham and Barmet are clearly not "similarly circumstanced." We are therefore not addressed with a cognizable equal protection claim, and the trial court properly dismissed this portion of the complaint.

No reversible error having been demonstrated, this cause in all respects is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.

---

**6.** *See,* generally, Small, Workmen's Compensation Law of Indiana, 1950 ed., § 1.2; 1 Larson, *supra,* §§ 1–5.