**Mary Eloise TRIBBETT, Appellant (Plaintiff Below),**

v.

**TAY MOR INDUSTRIES, INC., Appellee (Defendant Below).**

No. 2–1083 A 376.

Court of Appeals of Indiana, Second District.

Nov. 26, 1984.

Florence Anne Briggs, Briggs & Briggs, Flora, for appellant.

Alvin E. Meyer, Christine F. Royce, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee.

SULLIVAN, Judge.

Mary Eloise Tribbett (Tribbett) appeals from a judgment dismissing her claim pursuant to Trial Rule 12(B)(1), upon the ground that the trial court lacked subject matter jurisdiction.

In her complaint Tribbett alleged that she was an employee of Tay Mor Industries, Inc. (Tay Mor). As part of her work, Tribbett wound coils around her shoulder and thumb. During her employment, Tribbett began experiencing pain in her shoulder and thumb. Surgery was required on the thumb. Tribbett alleged that Tay Mor refused to compensate her for medical bills, for loss of work, and for pain and suffering. She stated that her injuries were the result of Tay Mor's negligence or willfulness in failing to provide her with safe working conditions and safe tools.

Tribbett filed claims with the Industrial Board pursuant to the Workmen's Compensation Act, I.C. 22–3–1–1, *et seq.*, and the Workmen's Occupational Diseases Act, I.C. 22–3–7–1, *et seq.* Apparently, these claims are still pending.[1]

---

1. Insofar as the record before us is concerned, there is no indication that Tribbett has made an election as to the arguable application of one or the other Act, nor that a determination has been made with regard to the application or inapplication of the respective Acts. The record reflects only that Tribbett's claim or claims are pending before the Industrial Board and not that the Board has denied or made an award on her claim.

Tay Mor filed a 12(B)(1) motion to dismiss. The trial court granted the motion, determining that Tribbett's claim was within the exclusive jurisdiction of the Industrial Board pursuant to the Workmen's Compensation Act.

On appeal, Tribbett seeks to present two broad questions: (1) whether the trial court erred in deciding that exclusive jurisdiction rested in the Industrial Board, and (2) whether the relief afforded Tribbett under the Workmen's Compensation Act and the Occupational Disease Act is inadequate and, therefore, denies Tribbett the right to seek redress for a wrong, the right to due process and equal protection of the laws.

Tribbett asserts that the trial court had jurisdiction because:

(1) She alleged an intentional tort committed by the employer and

(2) Intentional torts are outside the scope of the Workmen's Compensation Act and the Occupational Disease Act.

She also asserts that the employer here failed to maintain a safe place to work and that to confine a breach of that duty to the Workmen's Compensation process is to deny adequate redress for such a grievous wrong and serves to shield employers from unconscionable employment practices.

In all of these respects Tribbett particularly points to I.C. 22–3–9–11 [2] as support for her position that a judicial civil remedy lies for her claim notwithstanding that the Workmen's Compensation Act has been held to be the exclusive remedy for injuries sustained by an employee arising out of and in the course of employment.

■■■ Counsel for Tribbett seeks to persuade this court that her claim asserts commission of an intentional tort against her.

Yet the only allegations made in support of this argument are that Tay Mor failed to provide safe tools and safe working conditions and that Tribbett was required to wind coils around her thumb and shoulder. These statements are wholly insufficient to support the allegation of an intentional act. A naked allegation of an intentional tort is not adequate to permit a claimant to avoid the exclusive remedy provision of the Workmen's Compensation Act.

The facts and allegations of this case are similar to those of *Blade v. Anaconda Aluminum Co., Inc.* (1st Dist.1983) Ind. App., 452 N.E.2d 1036. There the plaintiff alleged that the employer had intentionally violated safety regulations, resulting in the death of plaintiff's husband. The plaintiff sought to bring a civil suit against the employer. This court held that her exclusive remedy was the Workmen's Compensation Act.

In *Blade*, the court determined that, although there was an inference that Anaconda had intentionally jeopardized the safety of its employees, the plaintiff alleged no facts supporting her assertion that Anaconda had intentionally created unsafe working conditions *toward the end* that the decedent be injured. An elaboration of this distinction was made in *Cunningham v. Aluminum Company of America* (1st Dist.1981) Ind.App., 417 N.E.2d 1186. There Dean Prosser was quoted with respect to the concept of intent in tort law:

"[T]he mere knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wan-

2. 22–3–9–11. Act supplemental—Repealer— Saving clause.—This act shall be construed as supplemental to all laws and parts of laws now in force concerning employers and employees, and shall repeal only such laws and parts of laws as are in direct conflict with the provisions of this act. Nothing in this act shall be held to limit the duty or liability of employers or to impair the rights of their employees under the common law or any other existing statute or to affect the prosecution of any pending proceeding or right of action now existing.

ton, but it is not classed as an intentional wrong."

*Cunningham, supra* at 1190. No support for Tribbett's allegation of an intentional tort was contained in her complaint.

The decisions of the First District in *Cunningham* and *Blade* impliedly agree with the conclusion of the U.S. Circuit Court of Appeals for the Seventh Circuit in *North v. United States Steel Corp.* (7th Cir.1974) 495 F.2d 810 which held that the exclusive remedy provisions of the Indiana Workmen's Compensation Act effectively negated the provisions of the Employer's Liability Act which afforded civil judicial relief for violations of an employer's duty to provide a safe place of employment. *See also Ross v. Schubert* (4th Dist.1979) 180 Ind.App. 402, 388 N.E.2d 623, *tr. denied.*

If the law is to be otherwise, it is within the prerogative of our supreme court to lend renewed vitality, if not preemptive effect, to the Employer's Liability Act in matters such as before us. Or it is within the prerogative of the General Assembly to make a clear declaration of policy.

In any event, we are unable to hold that the allegations of Tribbett's complaint place the claim outside the scope of the Workmen's Compensation Act so as to authorize the Cass Circuit Court to entertain it.

The simultaneous prosecution of Tribbett's claim or claims before the Industrial Board and before the Cass Circuit Court serve only to complicate resolution of the matter. To the extent that she claims an aspect of her injury or condition is not fully cognizable by the Workmen's Compensation Act it is unavailing.

The appellant's argument in *Brewington v. Radio Corporation of America* (S.D. Ind.1962) 210 F.Supp. 204 was similar to the appellant's argument here. The court in *Brewington* rejected the argument, stating:

" ... where the allegations of the complaint make it clear that the plaintiff is attempting to recover damages for injuries caused by accident arising out of and in the course of the employment, other allegations that plaintiff is suffering from an occupational disease caused by the defendant's negligence which is not compensable under the Occupational Diseases Act do not remove the case from the exclusive provisions of the Workmen's Compensation Act."

210 F.Supp. at 206. *See also Harshman v. Union City Body Co.* (1938) 105 Ind.App. 36, 13 N.E.2d 353 (*en banc*); *Bunker v. National Gypsum Co.* (3d Dist.1980) Ind. App., 406 N.E.2d 1239.

Tribbett's other assertions on appeal with respect to the alleged denial of adequate redress, due process and equal protection are vague and undefined. We can only surmise that she seeks to argue that because prospective relief available in her still pending claim or claims before the Industrial Board may be less beneficial that the prospective relief arguably available through the civil judicial process, she is denied fundamental fairness.

We are unable to disassociate these assertions from the basic premise of Tribbett's appeal, i.e., that the Workmen's Compensation Act is not the exclusive source of relief for Tribbett's claim.

Before the Workmen's Compensation Act was enacted, employees injured on the job were forced to litigate their claims against their employers in complex and expensive lawsuits in which the employer was free to assert the defenses of contributory negligence, assumption of risk, and the fellow servant rule. *Cunningham v. Aluminum Co. of America, supra,* 417 N.E.2d at 1192. As a result, and pursuant to a social policy decision, the legislature passed the Workmen's Compensation Act. An employee injured in the course of employment was thereby assured a remedy without having to prove employer negligence. The employer was guaranteed a fixed liability from which he could predict probable costs. *See Cunningham, supra.*

The exclusivity clause of the Workmen's Compensation Act is a reasonable means, and arguably a necessary means, of furthering the purpose of the Act. If employees were permitted to bring negligence actions against employers, employer liability would no longer be predictable and fixed. Insurance premiums would increase, litigation would increase, and the worker would find himself in the same position as before the Act. *Bazley v. Tortorich* (1981) La., 397 So.2d 475. It was not unreasonable nor unconstitutional for the legislature to make the Workmen's Compensation Act the exclusive remedy of injured workers.

The judgment is affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.