Gary AGEE, et al., Appellants–Plaintiffs,

v.

CENTRAL SOYA CO., INC.,
Appellee–Defendant.

No. 49A04–9611–CV–471.

Court of Appeals of Indiana.

June 10, 1998.

William C. Potter II, Kroger, Gardis & Regas, Indianapolis, Susan L. Kuss, Henry J. Price, Price Kuss & Mellowitz, Indianapolis, Lisa L. Schneider, Indianapolis, Jon D. Krahulik, Yosha, Krahulik & Levy, Indianapolis, Mark C. Ladendorf, Indianapolis, Marshall Hanley, Mitchell Hurst Jacobs & Dick, Indianapolis, for Appellants–Plaintiffs.

David K. Herzog, Brent D. Taylor, Carl R. Pebworth, Baker & Daniels, Indianapolis, for Appellee–Defendant.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Gary Agee and several other former employees (Agee plaintiffs) of Central Soya Co., Inc. (Central Soya), appeal the trial court's order granting appellee-defendant Central Soya's motion to dismiss the plaintiffs' causes of action for lack of subject matter jurisdiction. Specifically, the Agee plaintiffs contend that the trial court erred in dismissing their complaint because it did not consider affidavits and certain documentary evidence before ruling on Central Soya's motion to dismiss.

### FACTS [1]

The facts most favorable to the judgment reveal that Agee and seven other employees of Central Soya were injured during an explosion at Central Soya's Indianapolis soybean processing plant on June 28, 1994. The Agee plaintiffs and their spouses, where applicable, sought compensatory and punitive damages under the following theories of recovery: (1) knowing and intentional conduct in an ultra-hazardous environment; (2) intentional infliction of emotional distress; and (3) loss of consortium. Following the explosion,

each of the Agee plaintiffs applied for, and received, worker's compensation benefits.

On June 23, 1995, Central Soya filed a motion to dismiss the Agee plaintiffs' complaint pursuant to Ind. Trial Rule 12(B)(1), arguing that their claims fell within the exclusive remedy provisions of the Indiana Worker's Compensation Act (the Act), IND. CODE § 22–3–1–1 *et seq.*, and therefore, the trial court lacked subject matter jurisdiction over their claims. Following the trial court's grant of Central Soya's motion, the Agee plaintiffs filed an amended complaint alleging that the tortious acts of Central Soya were knowingly and intentionally undertaken pursuant to a policy and/or decision made through Central Soya's regular decision-making channels. Central Soya filed a motion to dismiss the complaint, again maintaining that the Agee plaintiffs' claims fell within the exclusivity provisions of the Act.

In February of 1996, the Agee plaintiffs' causes of action were consolidated with three other pending claims arising from the same explosion. Thereafter, the Agee plaintiffs collectively filed a response to Central Soya's motion to dismiss, along with a motion to admit certain evidence. In support of their motion to establish subject matter jurisdiction, motion, the Agee plaintiffs submitted, and the trial court considered, exhibits consisting of plant violation worksheets prepared by The Indiana Department of Labor (IOSHA) and an agreed entry signed by Central Soya representatives and IOSHA with respect to those violations. Following a hearing on the Agee plaintiffs' motion to admit additional evidence, the trial court granted Central Soya's motion to exclude the affidavits of two expert witnesses, affidavits from lay witnesses, published articles relating to soybean plant safety and management, and evidence of additional citations issued to Central Soya from IOSHA. After hearing oral argument on Central Soya's motion to dismiss for lack of subject matter jurisdiction, the trial court dismissed the Agee plaintiffs' complaint on July 29, 1996. The Agee plaintiffs now appeal.[2]

1. Oral argument was heard in this cause on February 4, 1998, in Indianapolis.

2. Because we dispose of the issue regarding subject matter jurisdiction on the grounds set forth

in this opinion, we decline to address Central Soya's argument that the Agee plaintiffs' receipt of worker's compensation benefit payments pre-

## DISCUSSION AND DECISION

▮ When an employee files a tort action against an employer for injuries apparently covered by the Act, as here, the employee must first establish that the court's exercise of jurisdiction is proper. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind.1994). In *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1273 (Ind.1994), our supreme court held that the exclusivity provision of the Act [3] is limited to personal injury or death which occurs by accident, and does not include an employer's intentional torts. The *Westinghouse* court explained that an injury occurs "by accident" only "when it is intended by neither the employee nor the employer"; and therefore, "the intentional torts of an employer are necessarily beyond the pale of the act." *Id.* In order to bypass the Act's exclusivity provision and establish jurisdiction in a court, the employee must establish more than the employer's negligence or recklessness. *Id.* at 1275. Specifically, the *Westinghouse* court announced a two-part test for bringing certain intentional torts outside of the Act. First, the court held that "nothing short of deliberate intent to inflict an injury, or actual knowledge that an injury is certain to occur, will suffice." *Id.* at 1275. Second, it must be the employer himself who intended the injury, "and not merely a supervisor, manager or foreman." *Id.* The employee must produce evidence to support jurisdiction in the trial court and may not merely rely upon the pleadings. *Lawson v. Raney Manufacturing, Inc.*, 678 N.E.2d 122, 125 (Ind.Ct.App. 1997), *trans. denied.* In ruling on a motion to dismiss pursuant to T.R. 12(B)(1), the trial court has considerable latitude in ferreting out the facts pertinent to jurisdiction. *Id.* It may consider the complaint, motion, and any affidavits or evidence submitted. *Id.*

▮ Because the trial court found that the Agee plaintiffs did not meet their burden

of proof, they are appealing from a negative judgment. To prevail on appeal from a negative judgment, a party must establish that the judgment is contrary to law. *Estate of McClenahan v. Biberstein*, 671 N.E.2d 482, 485 (Ind.Ct.App.1996). A judgment is contrary to law when the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead to but one conclusion, and the trial court reached the opposite conclusion. *Id.* In reviewing the trial court's grant of a motion under T.R. 12(B)(1), we will not blindly accept the allegations in an employee's complaint as true. Rather, we will consider only the evidence most favorable to the judgment along with the reasonable inferences to be drawn therefrom. *Lawson*, 678 N.E.2d at 126.

▮ The Agee plaintiffs argue that the trial court erred in dismissing the complaint when it concluded that their claims were barred by the exclusive remedy provision of the Act. Specifically, they contend that the trial court erroneously excluded the expert and lay witness affidavits, published articles and IOSHA reports, because they were relevant and established that the injuries which occurred in the explosion were not accidental and were the product of Central Soya's intentional conduct.

The dispositive issue here, is whether the Agee plaintiffs satisfied their burden of demonstrating that Central Soya had actual knowledge that an injury was certain to occur. As indicated above, the trial court considered the Agee plaintiffs' evidence of Central Soya's IOSHA violations to assist it in determining whether the exercise of subject matter jurisdiction was warranted. Notwithstanding, the Agee plaintiffs argue that the trial court erred in excluding from its consideration, a number of affidavits from relatives of the plaintiffs, R. at 636, affidavits of two

cluded them from bringing an intentional tort claim.

**3.** IND. CODE § 22–3–2–6 limits an employee whose injury meets the jurisdictional requirements of the Act to the rights and remedies provided by the Act:

[t]he rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6

on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5–2–6–1.

former employees of Central Soya, R. at 625–29, 634–35, affidavits of two purported engineering experts retained by the plaintiffs, R. at 640–46, 647–49, additional IOSHA notes and violations worksheets, R. at 662–69, and a number of published articles relating to the maintenance and safety at manufacturing plants in the soy bean industry.

While the Agee plaintiffs argue that the trial court erred in excluding this evidentiary material because the affidavits and IOSHA reports contained "relevant and admissible evidence," Appellant's Brief at 12, we need not address the trial court's evidentiary rulings with respect to the admissibility of these exhibits. Rather, our review of the excluded evidence reveals that, even if the trial court had considered it, the evidence falls short of establishing Central Soya's actual knowledge that an injury was certain to occur as is required in *Westinghouse.*

The affidavits of Larry Gortch and Ronald Perkins, two former employees of Central Soya who were injured in the explosion, contain no allegation and provide no support for the proposition that Central Soya intended to injure them or had actual knowledge that an injury was certain to occur. At best, the affidavits only indicate that Central Soya's management personnel had ordered a particular procedure at the plant which created the possibility of generating an explosion. The conclusions set forth in the affidavits do not add up to actual knowledge by Central Soya that injury was certain to occur. Additionally, the mere fact that Central Soya took some action which possibly could cause harm falls short of establishing actual knowledge on its part. *See Westinghouse,* 637 N.E.2d at 1275, n. 5. Similarly, the affidavits of a sister and mother of one of the plaintiffs acknowledge only that a "mistake" had occurred at Central Soya, R. at 639, and conclude that Central Soya might have been aware of chemical leaks at the plant. Again, such evidence fails to establish any knowledge on the part of Central Soya that an injury was certain to occur. *Id.*

Next, the Agee plaintiffs contend that the trial court improperly excluded the affidavits of Stephen Bour and Roger Wabeke. Bour is a mechanical engineer and was retained by the Agee plaintiffs as a consultant who had reviewed various OSHA citations issued to Central Soya, along with other documents relevant to the explosion. Bour concluded that "it was reasonable to assume that Central Soya management was aware of [the] safety standards" and failed to implement certain practices prescribed by the National Fire Protection Association. R. at 642. Bour then concluded that the explosion was foreseeable by Central Soya. Wabeke's affidavit stated that the Agee plaintiffs retained him as an explosion prevention specialist who had reviewed national prevention standards and employee statements and concluded that Central Soya management knew that the explosion was certain to occur.

Neither affidavit addresses what Central Soya actually knew, because neither Bour nor Wabeke had any personal knowledge about what Central Soya actually knew regarding the likelihood of an injury at the plant. Even assuming that the allegations asserted in the affidavits are true, we do not believe that Central Soya's ignorance of the possibility of an explosion at its plant satisfies the requirements of *Westinghouse* which might otherwise bring this case within the "intentional injury" exception of the Act. While the evidence presented in Bour and Wabeke's affidavits might reveal conduct amounting to gross negligence or even recklessness on the part of Central Soya, it does not establish actual knowledge on Central Soya's part that an injury was certain to occur. *See Westinghouse,* 637 N.E.2d at 1275.

The remainder of the evidence the trial court did not consider consisted of various federal regulations regarding safety management of hazardous substances, published articles on manufacturing plant safety and records of various violations found by IOSHA. Again, this excluded evidence does not establish intent or actual knowledge on the part of Central Soya. *See Tribbett v. Tay Mor Industries, Inc.,* 471 N.E.2d 332, 333 (Ind.Ct. App.1984) (allegations that employer failed to provide safe tools and safe working conditions were insufficient to support an intentional tort claim). As one commentator has noted, "even if the alleged conduct goes be-

yond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, or wilfully and unlawfully violating a safety statute, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." 2A Lawson, *Workmen's Compensation Law*, sec. 68.13 at 13–15 (1982). Although IOSHA cited Central Soya for the failure to keep its workplace free of hazards, such evidence simply does not establish the elements that are necessary to except the Agee plaintiffs' claims from the Act.

## CONCLUSION

In light of our discussion above, the Agee plaintiffs failed to demonstrate that Central Soya had actual knowledge that an injury was certain to occur. The evidence submitted to the trial court does not establish intentional conduct on the part of Central Soya that might otherwise remove the Agee plaintiffs' complaint from the exclusivity provisions of the Act. Accordingly, the trial court properly dismissed the Agee plaintiffs' causes of action for lack of subject matter jurisdiction.[4]

Judgment affirmed.

NAJAM, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

In my opinion, the trial court erred in dismissing the Agee Plaintiffs' cause for lack of subject matter jurisdiction. I therefore dissent from the majority's opinion. On a motion to dismiss for lack of subject matter jurisdiction, the party seeking jurisdiction must prove only by a preponderance of the evidence that jurisdiction lies with the trial court. Under these circumstances, I believe that the trial court possesses broad discretion with regard to admissibility of the evidence issues. I further believe that the trial

court should liberally admit and consider proffered evidence.

Literal adherence to the dictates of *Westinghouse* by the trial court in this case essentially closed the courthouse doors to these plaintiffs and denied them a remedy. The trial court's interpretation of *Baker* would in effect preclude any and all employees with tort claims against their employers from surviving a 12(B)(1) motion to dismiss based on lack of subject matter jurisdiction. The burden of proof on a rule 12(B)(1) motion requires establishment of an issue by a preponderance of the evidence. Hence, it is not as if we are here dealing with a jury and the ultimate issue of liability. Within the confines of the law, we must openly afford access to our courts so that injured plaintiffs may exercise their right to a tort remedy.

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court has considerable latitude in devising procedures to bring to light the facts pertinent to jurisdiction, and it may consider any evidence submitted. *Perry*, 637 N.E.2d at 1286–87. Based on the considerable latitude afforded to the trial court in making a determination regarding subject matter jurisdiction, I believe that the trial court should have considered all of the evidence offered by the Plaintiffs before rendering its decision.

In *Lawson v. Raney Mfg., Inc.*, 678 N.E.2d 122, 125 (Ind.Ct.App.1997), *reh'g denied, trans. denied*, a panel of this court acknowledged that "short of a concession by the employer that he had actual knowledge an injury was certain to occur, the plaintiff-employee would have to demonstrate actual knowledge by circumstantial evidence." *Id.* at 128. The Plaintiffs here presented an abundance of evidence to the trial court in order to aid the court in deciding whether the exercise of jurisdiction was warranted. Specifically, the Plaintiffs presented evidence that Central Soya was cited by the Indiana Department of Labor for thirty-four knowing and serious violations of federal and state

---

4. We also note that the Agee plaintiffs have argued that placing the burden upon a claimant to establish the trial court's exercise of subject matter jurisdiction violates their rights to due process and equal protection under the Indiana Constitution. However, our review of the record reveals that the Agee plaintiffs failed to raise any constitutional issues at the trial court level. Thus, their arguments are waived on appeal. *In re Paternity of A.R.R.*, 634 N.E.2d 786, 791 (Ind. Ct.App.1994).

safety standards, that Central Soya had failed to address chronic safety issues with regard to the extraction process and that employees had complained regarding the safety of the process and were assured of its safety.

Although the court in *Lawson* did not find actual knowledge to exist, the court said that the employee could have met her burden had she presented evidence that many employees suffered similar injuries on the same type of machine; that there had been many complaints to supervisors; or that supervisors had regularly observed and approved of the use of the defective machine. *Lawson*, 678 N.E.2d at 128. I believe that the Agee Plaintiffs have offered just the type of evidence that could be sufficient to establish intent.

Based on the considerable latitude afforded to the trial court in making a determination regarding subject matter jurisdiction, I believe that the trial court should have considered all of the evidence offered by the Plaintiffs before rendering its decision. I would therefore remand this case for the trial court to consider all of the circumstantial evidence presented by the Plaintiffs, and to determine, in light of this evidence, whether the Plaintiffs have met their burden of proving that Central Soya possessed actual knowledge that injury was certain to occur as a result of the manner in which it operated its Indianapolis plant.